Exhibit "A"



ELECTRONICALLY FILED
12/3/2018 3:39 PM
02-CV-2018-903088.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

**TONY HALL**,      *

    **Plaintiff**,      *

**v.**      *       *CIVIL ACTION NO:*_____

**QUALITY SYSTEMS INSTALLATION**;  *
**BRANDON BRADLEY; A, B,** and **C,** the *
person, firm, or legal entity who was the
employer and/or principal of **BRANDON** *
**BRADLEY** and/or the driver of the truck *
that separated from the loading dock,
injuring the Plaintiff, as pled in the *
complaint; D, E, and F, the person, firm, or
legal entity who owned, leased, controlled, *
operated, and/or repaired or performed
maintenance or mechanical work on the *
truck that made the basis of this suit, all of
whose true names are unknown, but will be *
added when ascertained.
     *

    **Defendants.**

## COMPLAINT

### FIRST CAUSE OF ACTION

    COMES NOW the Plaintiff, Tony Hall, and alleges against the Defendants, Quality Systems Installation; Brandon Bradley; A, B, C, D, E, and F as follows:

    1.    The Defendant, Quality Systems Installation, is a Florida corporation with its principle place of business in Cantonment, Florida which is located within Escambia County, Florida.

    2.    The Defendant, Brandon Bradley is a resident of Escambia County, Florida.

3.      At all material times herein, the Defendant, Brandon Bradley; was acting within the line and scope of his employment and/or agency of Quality Systems Installation and/or A, B, C, D, E, and F.

4.      On or about January 3, 2018, the Plaintiff, Tony Hall, was operating his forklift in the ordinary course of his employment on the loading dock of his employer.

5.      On said date, the Defendant, Brandon Bradley parked the truck he was operating abutting the loading dock of the Plaintiff's employer so as to allow Tony Hall to load cargo on his forklift from the loading dock into the rear of the Defendant's truck. The Defendant, Brandon Bradley, negligently set his parking brake incorrectly or failed to set the parking brake at all, causing his truck to separate from the loading dock at the same time in which the Plaintiff, Tony Hall was loading cargo onto the truck. The truck's separation from the loading dock caused the Plaintiff Tony Hall and the Forklift loaded with Cargo, to fall to the ground from the loading dock.

6.      As a proximate consequence of Defendants' negligence as set forth herein, the Plaintiff has suffered the following damages and injuries:

    a.      Past and future pain and suffering;

    b.      Past and future mental anguish;

    c.      Past and future medical expenses;

    d.      Past and future lost wages;

    e.      Permanent injuries and/or disabilities; and.

WHEREFORE, premises considered, Plaintiff demands judgment against the Defendants, Quality Systems Installation, LLC.; Brandon Bradley; A, B, C, D, E, and F for compensatory damages in excess of the jurisdictional threshold of this Court, plus interest and costs.

2

## SECOND CAUSE OF ACTION

COMES NOW the Plaintiff, Tony Hall, and alleges against the Defendants, Quality Systems Installation.; Brandon Bradley; A, B, C, D, E, and F as follows:

7.      Plaintiff re-alleges and incorporates herein all of the preceding allegations, and further alleges as follows:

8.      The Defendant, Brandon Bradley, was wanton in the operation of his truck as set forth hereinabove, and as a proximate consequence of said wantonness, the Plaintiff suffered those damages as set forth hereinabove.

WHEREFORE, premises considered, Plaintiff demands judgment against the Defendants, Quality Systems Installation.; Brandon Bradley; A, B, C, D, E, and F for compensatory and punitive damages in excess of the jurisdictional limits of this Court, plus interest and costs.

## THIRD CAUSE OF ACTION

COMES NOW the Plaintiff, Tony Hall, and alleges against the Defendants, Quality Installation Solutions LLC.; A, B, C, D, E, and F as follows:

9.      Plaintiff re-alleges and incorporates herein all of the preceding allegations, and further alleges as follows:

10.     Upon further investigation into this matter, immediately following the incident, Brandon Bradley stated that the emergency parking brakes on his truck were not functioning properly. The brakes' mechanical failure allowed the truck to roll forward several feet, separating from the loading dock; causing the Plaintiff, Tony Hall and the forklift to fall from the loading dock onto the ground, thereby causing the Plaintiff's injuries.

11.     Plaintiff avers that said Defendants were negligent in one or more of the following manners:

3

a.      By failing to properly train Brandon Bradley, regarding performing a proper pre-trip inspection of the emergency parking brake system on the subject truck;

b.      By failing to properly train Brandon Bradley, regarding the steps to be followed upon notice that the emergency parking brake on his truck was not functioning properly;

c.      By failing to properly train Brandon Bradley, relative to operating the subject truck in a safe manner.

d.      By negligently hiring, retaining, and supervising Brandon Bradley;

e.      By failing to properly inspect the subject truck in accordance with the applicable rules and regulations;

f.      By failing to properly maintain the subject truck in reasonably safe mechanical condition

g.      By negligently entrusting the truck to Brandon Bradley;

12.     As a proximate consequence of said negligence, combined with the negligence of Brandon Bradley, relative to the operation of said truck, the Plaintiff suffered those injuries and damages as set forth hereinabove.

WHEREFORE, premises considered, Plaintiff demands judgment against the Defendants, Quality Systems Installation.; A, B, C, D, E, and F for compensatory damages in excess of the jurisdictional limits of this Court, plus interest and costs.

**<u>FOURTH CAUSE OF ACTION</u>**

COMES NOW the Plaintiff, Tony Hall, and alleges against the Defendants, Quality Systems Installation., A, B, C, D, E, and F as follows:

13.     Plaintiff re-alleges and incorporates herein all of the preceding allegations, and further alleges as follows:

4

14.     Plaintiff avers that said Defendants were wanton as set forth hereinbove.

15.     As a proximate consequence of said wantonness, combined with the negligence and/or wantonness of Brandon Bradley, relative to the operation of said truck, the Plaintiff suffered those injuries and damages as set forth hereinabove.

WHEREFORE, premises considered, Plaintiff demands judgment against the Defendants, Quality Systems Installation., A, B, C, D, E, and F for compensatory and punitive damages in excess of the jurisdictional limits of this Court, plus interest and costs.

Respectfully Submitted,

s/ALEX W. ZOGHBY (ZOG003)
ALEX W. ZOGHBY
Attorney for Plaintiff

OF COUNSEL:

LAW OFFICE OF ALEX W. ZOGHBY
2601 Dauphin Street
Mobile, Alabama 36606
Phone: (251) 479-1979
Facsimile (251) 470-1771
Email: azoghby@zoghbylaw.com
Website: www.zoghbylaw.com

**PLAINTIFF RESPECTFULLY DEMANDS A TRIAL BY JURY ON ALL ISSUES**

Respectfully submitted,

s/ALEX W. ZOGHBY (ZOG003)
ALEX W. ZOGHBY
Attorney for Plaintiff

**Please serve the Defendants' by Certified Mail to the following addresses:**

Quality Systems Installation
c/o CEO or General Manager
811 Archer Road
Cantonment, FL 32533

Quality Systems Installation
c/o Brandon Bradley
811 Archer Road
Cantonment, FL 32533

**Please serve the Defendant by Sheriffs' Department to the following address:**

YRC Inc./ YRC Freight
c/o Charles Lane, Operations Supervisor
1111 Virginia Street
Mobile, AL 3664

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>02-CV-2018-903088.00 |
| --- | --- | --- |

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA
### TONY HALL V. QUALITY SYSTEMS INSTALLATION ET AL

**NOTICE TO:** QUALITY SYSTEMS INSTALLATION, C/O CEO OR GENERAL MANAGE 811 ARCHER ROAD, CANTONMENT, FL 32533

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
ALEX W ZOGHBY MR.

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2601 DAUPHIN STREET, MOBILE, AL 36606

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☒ Service by certified mail of this Summons is initiated upon the written request of TONY HALL

pursuant to the Alabama Rules of the Civil Procedure.                                   *[Name(s)]*

| 12/5/2018 3:40:05 PM | /s/ JOJO SCHWARZAUER | By: JOO |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☒ Certified Mail is hereby requested.   /s/ ALEX W ZOGHBY MR.

*(Plaintiff's/Attorney's Signature)*

JoJo Schwarzauer, Circuit Clerk
MOBILE COUNTY-CIVIL DIVISION
Mobile Government Plaza, Room C938
205 Government Street
Mobile, Alabama 36644-2936

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on

_____
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

_____ in _____ County,
*(Name of Person Served)*                          *(Name of County)*

Alabama on _____.
*(Date)*

_____          _____
*(Type of Process Server)*                          *(Server's Signature)*

_____
*(Server's Printed Name)*

02-CV-2018-9030
TONY HALL V. QUALITY SYSTEMS IN

C001 - TONY HALL                                   v.
*(Plaintiff)*

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

**OFFICIAL USE**

| Certified Mail Fee | $ | |
| --- | --- | --- |
| Extra Services & Fees *(check box, add fee as appropriate)* | | |
| ☐ Return Receipt (hardcopy) | $ | |
| ☐ Return Receipt (electronic) | $ | Postmark |
| ☐ Certified Mail Restricted Delivery | $ | Here |
| ☐ Adult Signature Required | $ | |
| ☐ Adult Signature Restricted Delivery | $ | |
| Postage | $ | |
| Total Postage and Fees | $ | |

Sent To _____

Street and Apt. No., or PO Box No. _____

City, State, ZIP+4® _____

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

```
AVSO305                    ALABAMA JUDICIAL DATA CENTER
                               MOBILE         COUNTY
                           ORDER FOR SERVICE AND RETURN
                                                    CV 2018 903088.00
                                              JOHN R LOCKETT
--------------------------------------------------------------------------
                    IN THE CIRCUIT  COURT OF   MOBILE       COUNTY
   TONY HALL V. QUALITY SYSTEMS INSTALLATION ET AL

   SERVE ON:  D001


              QUALITY SYSTEMS INSTALLATION
              C/O CEO OR GENERAL MANAGE
              811 ARCHER ROAD
              CANTONMENT      ,FL  32533-0000


   NOTES:
       YOU ARE REQUIRED TO RESPOND TO DISCOVERY WITHIN 45 DAYS OF SERVICE



--------------------------------------------------------------------------
   TO ANY SHERIFF OR ANY AUTHORIZED AGENT:
               YOU ARE HEREBY ORDERED TO DELIVER THE ATTACHED DOCUMENT
               TO THE ABOVE NAMED PERSON AT THE ADDRESS INDICATED.
     12/07/2018  DATE          CLERK: JOJO SCHWARZAUER     BY: JOO
                                      205 GOVERNMENT STREET
                                      MOBILE  AL  36644-2936
                                      (251)574-8420

--------------------------------------------------------------------------
    I HEREBY CERTIFY THAT I PERSONALLY DELIVERED A COPY OF THE ATTACHED
     DOCUMENT IN _____ COUNTY, ALABAMA
     TO:


   _____        SIGNATURE OF SERVER

   _____        _____
    NAME / ADDRESS ABOVE                 DATE
--------------------------------------------------------------------------
OPERATOR: JOO
PREPARED: 12/07/2018
```

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>02-CV-2018-903088.00 |
| --- | --- | --- |

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**
**TONY HALL V. QUALITY SYSTEMS INSTALLATION ET AL**

**NOTICE TO:** BRANDON BRADLEY, C/O QUALITY SYSTEMS INSTA 811 ARCHER ROAD, CANTONNENT, FL 32533
_____
*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST
TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE
ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR
OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND
DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
ALEX W ZOGHBY MR.
_____
*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 2601 DAUPHIN STREET, MOBILE, AL 36606
_____
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR
OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR
THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL**
**PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in
this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of TONY HALL
pursuant to the Alabama Rules of the Civil Procedure.                                                *[Name(s)]*

| 12/5/2018 3:40:05 PM | /s/ JOJO SCHWARZAUER | By: | JJO |
| --- | --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | | *(Name)* |

☑ Certified Mail is hereby requested.      /s/ ALEX W ZOGHBY MR.       Jojo Schwarzauer, Circuit Clerk
                                                                        MOBILE COUNTY-CIVIL DIVISION
*(Plaintiff's/Attorney's Signature)*                                    Mobile Government Plaza, Room C936
                                                                        205 Government Street
                                                                        Mobile, Alabama 36644-2936

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____
                                                                                *(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to
_____ in _____ County,
*(Name of Person Served)*                                    *(Name of County)*

Alabama on _____.
                  *(Date)*

_____    _____
*(Type of Process Server)*      *(Server's Signature)*

_____
*(Server's Printed Name)*

02-CV-2018-903
TONY HALL V. QUALITY SYSTEMS

C001 - TONY HALL                          v.
*(Plaintiff)*

<table>
<tr><td colspan="2"><b>U.S. Postal Service</b>™<br><b>CERTIFIED MAIL® RECEIPT</b><br><i>Domestic Mail Only</i></td></tr>
<tr><td colspan="2">For delivery information, visit our website at <i>www.usps.com®</i>.</td></tr>
<tr><td colspan="2">O F F I C I A L   U S E</td></tr>
<tr><td>Certified Mail Fee<br>$</td><td rowspan="2">Postmark<br>Here</td></tr>
<tr><td>Extra Services & Fees (check box, add fee as appropriate)<br>☐ Return Receipt (hardcopy)   $ _____<br>☐ Return Receipt (electronic)   $ _____<br>☐ Certified Mail Restricted Delivery  $ _____<br>☐ Adult Signature Required   $ _____<br>☐ Adult Signature Restricted Delivery $ _____</td></tr>
<tr><td colspan="2">Postage<br>$</td></tr>
<tr><td colspan="2">Total Postage and Fees<br>$</td></tr>
<tr><td colspan="2">Sent To</td></tr>
<tr><td colspan="2">Street and Apt. No., or PO Box No.</td></tr>
<tr><td colspan="2">City, State, ZIP+4®</td></tr>
<tr><td colspan="2">PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions</td></tr>
</table>

AVSO305                    ALABAMA JUDICIAL DATA CENTER
                              MOBILE        COUNTY

                         ORDER FOR SERVICE AND RETURN
                                            CV 2018 903088.00
                                        JOHN R LOCKETT

------------------------------------------------------------------------

                  IN THE CIRCUIT  COURT OF   MOBILE        COUNTY
TONY HALL V. QUALITY SYSTEMS INSTALLATION ET AL

  SERVE ON:  D002


            BRADLEY BRANDON
            C/O QUALITY SYSTEMS INSTA
            811 ARCHER ROAD
            CANTONMENT       ,FL  32533-0000


  NOTES:
      YOU ARE REQUIRED TO RESPOND TO DISCOVERY WITHIN 45 DAYS OF SERVICE


------------------------------------------------------------------------
  TO ANY SHERIFF OR ANY AUTHORIZED AGENT:
              YOU ARE HEREBY ORDERED TO DELIVER THE ATTACHED DOCUMENT
              TO THE ABOVE NAMED PERSON AT THE ADDRESS INDICATED.
     12/07/2018   DATE           CLERK: JOJO SCHWARZAUER        BY: JOO
                                        205 GOVERNMENT STREET
                                        MOBILE  AL  36644-2936
                                        (251)574-8420

------------------------------------------------------------------------

   I HEREBY CERTIFY THAT I PERSONALLY DELIVERED A COPY OF THE ATTACHED
     DOCUMENT IN _____ COUNTY, ALABAMA
     TO:


   _____      _____
                                    SIGNATURE OF SERVER

   _____

   NAME / ADDRESS ABOVE             DATE_____
------------------------------------------------------------------------
OPERATOR: JOO
PREPARED: 12/07/2018



AlaFile E-Notice

02-CV-2018-903088.00

To:  GARY RANDALL SPEAR
     grs@sshlawpc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

TONY HALL V. QUALITY SYSTEMS INSTALLATION ET AL
02-CV-2018-903088.00

The following answer was FILED on 12/27/2018 1:43:12 PM

Notice Date:      12/27/2018 1:43:12 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov


ELECTRONICALLY FILED
12/27/2018 1:42 PM
02-CV-2018-903088.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| **TONY HALL,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO. CV-2018-903088** |
| | § | |
| **QUALITY SYSTEMS INSTALLATION,** | § | |
| **BRANDON BRADLEY, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## ANSWER TO COMPLAINT

COME NOW, Defendants, QUALITY SYSTEMS INSTALLATION and BRADLEY BOZEMAN, incorrectly identified as BRANDON BRADLEY, by and through undersigned counsel, and in response to Plaintiffs' Complaint, say as follows:

### FIRST CAUSE OF ACTION

1.     Admitted.

2.     Admitted that Bradley Bozeman is a resident of Escambia County, Florida.

3.     Admitted to the extent Bradley Bozeman was an employee of Quality Systems Installation on the date on the incident made the basis of this suit. All other allegations are denied.

4.     Based on current knowledge, admitted.

5.     Denied.

6.     Denied.

### SECOND CAUSE OF ACTION

7.     Defendants adopt and reaver their responses to all preceding allegations and incorporate same by reference as if fully set out herein.

8.      Denied.

### THIRD CAUSE OF ACTION

9.      Defendants adopt and reaver their responses to all preceding allegations and incorporate same by reference as if fully set out herein.

10.     Denied.

11.     Denied.

12.     Denied.

### FOURTH CAUSE OF ACTION

13.     Defendants adopt and reaver their responses to all preceding allegations and incorporate same by reference as if fully set out herein.

14.     Denied.

15.     Denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a cause of action against Defendants upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations.

### THIRD DEFENSE

Plaintiff's claims are barred by the applicable statutes of repose.

### FOURTH DEFENSE

Plaintiff has failed to mitigate his damages.

## FIFTH DEFENSE

Plaintiff's claims are barred by the doctrine of assumption of the risk.

## SIXTH DEFENSE

Defendants plead superseding and/or intervening causes.

## SEVENTH DEFENSE

Defendants plead lack of proximate causation and/or causal connection.

## EIGHTH DEFENSE

The acts and damages of which Plaintiff complains, to the extent they exist, were caused by the acts or omissions of others for whom Defendants are not legally responsible and over whom Defendants had no control.

## NINTH DEFENSE

This Defendant has not breached any duty owed to Plaintiff by virtue of any applicable statute, law, or standard.

## TENTH DEFENSE

Plaintiff's claims are barred by the doctrines of laches, estoppel, unclean hands, waiver, and release.

## ELEVENTH DEFENSE

Defendants plead the doctrine of set-off.

## TWELFTH DEFENSE

To the extent that any party has settled or may in the future settle with Plaintiff, Defendants assert their entitlement to an appropriate credit or reduction of any judgment against them.

## THIRTEENTH DEFENSE

Alabama's law of joint and several liability is unconstitutional both on its face and as applied to Defendants in this case.

## FOURTEENTH DEFENSE

Alabama's law denies Defendants due process and equal protection because Defendants are denied defenses available to other defendants in other tort cases.

## FIFTEENTH DEFENSE

Plaintiff's Complaint fails to state a claim for which punitive damages can be recovered against Defendants.

## SIXTEENTH DEFENSE

Defendants have not been guilty of any conduct that would entitle Plaintiff to recover punitive damages.

## SEVENTEENTH DEFENSE

Defendants aver that any award of punitive damages to the Plaintiff in this case would be in violation of the constitutional safeguards provided to Defendants under the Constitution of Alabama.

## EIGHTEENTH DEFENSE

Defendants aver that any award of punitive damages to the Plaintiff in this case would be in violation of the constitutional safeguards provided to Defendants under the Constitution of the United States.

## NINETEENTH DEFENSE

The punitive damages sought are in excess of comparable maximums established for criminal fines by the Alabama Legislature in §§ 13A-5-11 and 13A-5-12 of the Alabama Code (1975), jointly and separately.

4

## **TWENTIETH DEFENSE**

Each claim for punitive damages, on its face and/or as applied in this case is in violation of the Fourth Amendment of the <u>Constitution of the United States</u>; the Fifth Amendment of the <u>Constitution of the United States</u>; of the right to counsel and a fair trial provided by the Sixth Amendment of the <u>Constitution of the United States</u>; of the right to trial by jury of the Seventh Amendment of the <u>Constitution of the United States</u>; of the proportionality principles contained in the Eighth Amendment of the <u>Constitution of the United States</u>; the Due Process Clause of the Fourteenth Amendment of the <u>Constitution of the United States</u>; and Article 1, Sections 1, 2, 6, 11, 13, 15, and 35 of the <u>Constitution of Alabama</u> of 1901, and is improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes for the following reasons, jointly and separately:

1.     The standards provided by Alabama law for the imposition of punitive damages are insufficiently specific, and therefore, Defendants have not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of an award and to modify or conform their conduct accordingly;

2.     Present Alabama procedures permit awards of punitive damages that constitute excessive fines;

3.     Punitive damages are penal in nature and should not be imposed by civil courts or juries;

4.     The procedures to be followed would permit an award of punitive damages against Defendants upon the satisfaction of a burden of persuasion (standard of proof) less than that applicable to the imposition of criminal sanctions for equal culpability;

5.     The procedures to be followed would permit an award of punitive damages against Defendants upon the satisfaction of a burden of persuasion (standard of proof) less than what is applicable to tortfeasors in other actions;

6.     Defendants are not afforded the same protections and standards given other tortfeasors pursuant to <u>Alabama Code</u> §§ 6-11-20 through 6-11-30;

7.     Because punitive damages are a form of criminal or quasi-criminal sanctions, any award of punitive damages is unconstitutional absent the same protections afforded to criminal defendants, including, but not limited to, protection against unreasonable searches and seizures, the right to confront adverse witnesses, a speedy trial and effective assistance of counsel, all separately and severally;

8.     The procedures to be followed would permit the award of multiple punitive damages awards for the same act or omission;

9.     There are no provisions or standards for clear and consistent appellate review of any award of punitive damages against Defendants under present Alabama law;

10.    The standards of conduct upon which punitive damages are sought against Defendants are vague and ambiguous and are not rationally related to any legitimate purpose;

11.    The procedures used by Alabama courts and the guidelines given to the jurors, jointly and separately, are vague and ambiguous and are not rationally related to any legitimate purpose;

12. The procedures used by Alabama courts and the guidelines given to jurors, jointly and separately, are vague and ambiguous and thus, impermissibly delegate to jurors basic policy matters;

13. The procedures used by Alabama courts and guidelines given to jurors, jointly and separately, are vague and ambiguous and, thus, impermissibly allow jurors broad, unlimited power and unfettered discretion to make determinations on whether to award punitive damages and, if so, on the amount to be awarded;

14. The procedures under which punitive damages are awarded and instructions used in Alabama courts, jointly and separately, are vague and ambiguous and, thus, fail to eliminate the effects of, and to guard against, impermissible juror passion;

15. The procedures under which punitive damages are awarded and instructions used in Alabama courts, jointly and separately, fail to guard against the award of punitive damages on the basis of discriminatory characteristics such as the wealth of Defendants;

16. Present Alabama law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded;

17. Present Alabama law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages;

18. Present Alabama law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of any punitive damages awarded by a jury;

19. An award of punitive damages is not subject to judicial review for reasonableness and furtherance of legitimate purpose on the basis of constitutionally adequate standards of sufficient clarity, objectivity and uniformity;

20. Present Alabama law does not provide the constitutionally required balance between a defendant's interest in rational decision making and the state's interest in ensuring appropriate punishments;

21. The present Alabama procedures fail to provide a constitutional and reasonable limit on the amount of any punitive award against Defendants;

22. The present Alabama procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability is determined;

23. An award of punitive damages would compensate the plaintiff for elements of damage not otherwise recognized by Alabama law and would enrich or compensate the plaintiff, which is an impermissible utilization of allegedly punitive damages;

24. The present Alabama procedures fail to require any rational, objective or logical relationship between either the award of or the amount of punitive damages awarded and the alleged conduct of the defendant or the compensatory damages awarded to the plaintiff, if any;

25. The term "malice," as used and defined in Section 6-11-20(a) and Section 6-11- 20(b), Code of Alabama (1975), creates an unconstitutional, irrebuttable, mandatory presumption; and

26. An award of punitive damages in this case would permit the punishment of Defendants other than by virtue of a law established and promulgated prior to the offense and legally applied.

6

## TWENTY-FIRST DEFENSE

The award of punitive or extra-contractual damages on the basis of vicarious liability for the conduct of others violates the Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States as well as the Constitution of Alabama provisions set forth above.

## TWENTY-SECOND DEFENSE

The assessment and adjudication against Defendants of any punitive damages other than those measured according to its sole, individual conduct would be improper and impermissible.

## TWENTY-THIRD DEFENSE

The imposition of punitive damages in this case is unconstitutional under the Fifth and Fourteenth Amendments of the Constitution of the United States and Article 1, Sections 5 and 6 of the Constitution of Alabama because punitive damages are penal in nature, and Defendants are compelled to disclose documents and/or other evidence without constitutional safeguards against self-incrimination.

## TWENTY-FOURTH DEFENSE

The imposition of punitive damages deprives Defendants of the right to equal protection under the laws provided in the Fifth and Fourteenth Amendments of the Constitution of the United States and in Article 1, Sections 1, 6 and 22, of the Constitution of Alabama of 1901 for the following reasons, jointly and separately:

1. The Plaintiff seeks punitive damages in excess of the respective maximums established by the Alabama Legislature in §§ 13A-5-11 and 13A-5-12, Code of Alabama (1975), jointly and separately, whereas those charged under the Criminal Code for similar or identical culpability would have the benefit of the cited code provisions;

2. The procedures to be followed would permit the awarding of punitive damages against Defendants upon the satisfaction of a burden of persuasion (standard of proof) less than the applicable standard in criminal cases for criminal sanctions involving similar or identical levels of culpability;

3. The procedures to be followed would permit an award of punitive damages against Defendants upon the satisfaction of a burden of persuasion (standard of proof) less than what is applicable to tortfeasors in other actions;

4. Defendants are not afforded the same protections and standards given other tortfeasors pursuant to Alabama Code §§ 6-11-20 through 6-11-30;

5. The absence of sufficiently specific and objective standards for the imposition of punitive damages fails to insure the equality of treatment between and among similarly situated defendants and, thus, may result in the imposition of disparate penalties for the same or similar acts; and

7

6.      Punitive damages are penal in nature and Defendants, without procedural protections, are compelled to disclose documents and/or other evidence without constitutional safeguards against self-incrimination whereas persons charged under criminal provisions for acts or omissions of similar culpability are protected from being compelled to disclose documents and/or other evidence by constitutional procedures and safeguards available in criminal cases.

### TWENTY-FIFTH DEFENSE

Plaintiff's claim for punitive damages is barred to the extent that he seeks the admission into evidence of Defendants' net worth in determining whether punitive damages are to be awarded and/or in what amount they are to be awarded because punitive damages are a form of punishment grounded in Defendants' status rather than specific misconduct and, thus, have the effect of treating classes of citizens unequally in violation of the equal protection clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and Article I, Sections 1, 6, 13 and 22 of the Constitution of Alabama.

### TWENTY-SIXTH DEFENSE

By virtue of Alabama Code §§ 6-11-20 and 6-11-27 (1975), punitive damages are not recoverable against Defendants.

### TWENTY-SEVENTH DEFENSE

Section 6-11-21(e) of the Alabama Code provides that, except as provided in Section 6-11-27, no defendant shall be liable for any punitive damages unless that defendant has been expressly found by the trier of fact to have engaged in conduct, as defined in Section 6-11-20, warranting punitive damages, and such defendant shall be liable only for punitive damages commensurate with that defendant's own conduct.  See, e.g., Reserve Nat. Ins. Co. v. Crowell, 614 So.2d 1005 (Ala. 1993). There can be no award of punitive damages against Defendants in this case because: (1) the alleged conduct of Defendants do not fall within Section 6-11-20; (2) to the extent culpability exists, it does not rest with Defendants; and (3) vicarious liability for punitive damages cannot exist under section 6-11-27.

### TWENTY-EIGHTH DEFENSE

Pursuant to Alabama Code Section 6-11-20, an award of punitive damages must be supported by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiffs. There is no such evidence in this case.

8

## TWENTY-NINTH DEFENSE

Section 6-11-27 of the Alabama Code bars the imposition of vicarious liability and any award of punitive damages for said liability in the present matter. Section 6-11-27 provides that a principal, employer, or other master shall not be liable for punitive damages for intentional wrongful conduct or conduct involving malice based upon acts or omissions of an agent, employee, or servant of said principal, employer, or master unless the principal, employer, or master either: knew or should have known of the unfitness of the agent, employee, or servant, and employed him or continued to employ him, or used his services without proper instruction with a disregard of the rights or safety of others; or authorized the wrongful conduct; or ratified the wrongful conduct; or unless the acts of the agent, servant or employee were calculated to or did benefit the principal, employer or other master, except where the plaintiffs knowingly participated with the agent, servant, or employee to commit fraud or wrongful conduct with full knowledge of the import of his act.

## THIRTIETH DEFENSE

The imposition of punitive damages in this case will constitute an excessive fine in violation of the Eighth Amendment of the Constitution of the United States and Article 1, Section 15 of the Constitution of Alabama.

## THIRTY-FIRST DEFENSE

The imposition of punitive damages in this case is unconstitutional under the due process clause of the Fourteenth Amendment of the Constitution of the United States for the following reasons, jointly and separately:

1. The punitive damages sought in this case are vastly disproportionate to the actual damages allegedly sustained by the Plaintiff;
2. The imposition of punitive damages in this case constitutes an arbitrary and capricious taking of Defendants' property with no rationally stated purpose;
3. Allowing a jury to award punitive damages with unfettered discretion is inconsistent with due process; and
4. Such damages are vague and ambiguous and are not rationally related to any legitimate government interest.

## THIRTY-SECOND DEFENSE

The imposition of punitive damages in this case is an unconstitutional deprivation of property without the due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and Article 1, Section 6 of the Constitution of Alabama.

### THIRTY-THIRD DEFENSE

Any award of punitive damages to the Plaintiff in this case would be in violation of Article 1, Section 10, Clause 1 of the Constitution of the United States and Article 1, Section 22 of the Constitution of Alabama prohibiting laws which impair the obligation of contracts.

### THIRTY-FOURTH DEFENSE

Present Alabama punitive damages procedures allow the jury to punish defendants for conduct occurring outside of the state constituting unlawful state regulation of Interstate Commerce and violation of the Interstate Commerce Clause of the Constitution of the United States.

### THIRTY-FIFTH DEFENSE

The imposition of punitive damages in this case unconstitutionally violates the right of Defendants to access to the courts as guaranteed by the First and Fourteenth Amendments of the Constitution of the United States.

### THIRTY-SIXTH DEFENSE

The imposition of punitive damages in this case violates the double jeopardy clause of the Fifth Amendment of the Constitution of the United States as incorporated into the Fourteenth Amendment of the Constitution of the United States.

### THIRTY-SEVENTH DEFENSE

Plaintiff's claims for punitive damages should not be submitted to the jury because, under the United State Supreme Court's holding in Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001), and the Alabama Supreme Court's holding in Horton Homes, Inc. v. Brooks, 832 So.2d 44 (Ala. 2001), the issue of punitive damages is not a question of fact to be decided by a jury.

### THIRTY-EIGHTH DEFENSE

The amount of punitive damages is not a question for the jury to determine. The procedures used by Alabama courts and the guidelines given to the jurors, jointly and separately, are vague and ambiguous. Present Alabama law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded. Present Alabama law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of any punitive damages awarded by a jury.

### THIRTY-NINTH DEFENSE

To permit the imposition of punitive damages against Defendants on a joint and several liability basis is unconstitutional in that the damages are punitive in nature, yet there is no provision under the law of Alabama for the assessment of punitive damages separately and severally against joint tortfeasors even though the damages are predicated upon the alleged enormity of the wrong committed by the tortfeasor, and would violate Defendants' rights to due process and equal protection of the laws under the Fifth and Fourteenth Amendments to the Constitution of the United States, and Article I, Sections 1, 6, 13 and 22 of the Constitution of Alabama.

### FORTIETH DEFENSE

The procedures pursuant to which punitive damages are awarded subject civil defendants to punishment for the conduct of others through vicarious liability or through non-apportionment of damages among joint tortfeasors, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, §§ 1 and 6 of the Alabama Constitution.

### FORTY-FIRST DEFENSE

Alabama's application of joint and several liability prohibiting apportionment of punitive damages violates the constitutional prohibition against vague and over broad laws.

### FORTY-SECOND DEFENSE

Allowing Alabama juries to jointly and severally award punitive damages against multiple defendants who have different causes of action against them violates the due process clause of the United States and Alabama Constitutions.  CP & B Enterprises, Inc. v. Mellert, 762 So.2d 356 (Ala. 2000).

### FORTY-THIRD DEFENSE

No Alabama statute or law gives a defendant notice that if he commits a certain wrong, he could be liable not only for the actual damages sustained by the plaintiff, but also for punitive damages that may have been intended by a jury to punish only other co-defendants, violating defendant's right to due process under the United States and Alabama Constitutions.

### FORTY-FOURTH DEFENSE

The principles of joint and several liability and non-apportionment of punitive damages violate the proportionality principles contained in the Eighth Amendment to the United States Constitution.

## FORTY-FIFTH DEFENSE

To permit the imposition of punitive damages against Defendants on a joint and several liability basis would violate Defendants' right under the Eighth Amendment to the Constitution of the United States and Article I, Section 15 of the Constitution of Alabama in that the award imposes an excessive fine against joint tortfeasors without any consideration being allowed to be given by the jury to the degree of culpability each defendant had, if any.

## FORTY-SIXTH DEFENSE

The imposition of an award of punitive damages against Defendants on a joint and several liability basis would violate said Defendants' right to due process and equal protection of the laws under the Fifth and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 1, 6, 13 and 22 of the Constitution of Alabama, in that:

1.  It permits the imposition of joint and several judgments against multiple co- defendants for different acts or degrees of wrongdoing or culpability;
2.  It allows punitive damages to be assessed and imposed based on the conduct of persons or entities other than Defendants or their agents or employees and/or without apportionment of damages based on the degree of culpability of Defendants, if any;
3.  Defendants are denied a fair opportunity to have the jury assess damages based on their alleged culpability which cannot be segregated from allegations against other defendants; and
4.  In failing to provide for joint contribution and an apportionment of damages among defendants, Defendants are deprived of property without due process of law.

## FORTY-SEVENTH DEFENSE

Without the protections previously provided in §§ 6-11-23(a) and 6-11-24, Code of Alabama regarding punitive damage awards, now declared unconstitutional by the Alabama Supreme Court, the State of Alabama no longer affords to a defendant sufficient protection under the United States Constitution from excessive and arbitrary punitive damage awards.

## FORTY-EIGHTH DEFENSE

With respect to Plaintiff's demands for punitive damages, Defendants plead all applicable caps and limitations available under Alabama law, including, but not limited to, Alabama Code § 6-11-20 (1975), and Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damages awards which arose in the decisions of Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001), BMW of North America, Inc. v. Gore, 517 U.S. 599 (1996), and the application thereof in BMW of North America, Inc. v. Gore, 701 So.2d 507 (Ala. 1997), and State Farm Mutual Automobile Ins. Co. v. Campbell, 538 U.S. 408 (2003).

12

## FORTY-NINTH DEFENSE

Any award of punitive damages in this case would be subject to scrutiny under the factors set forth in Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001), BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), and the application thereof in BMW of North America, Inc. v. Gore, 701 So.2d 507 (Ala. 1997), and State Farm Mutual Automobile Ins. Co. v. Campbell, 538 U.S. 408 (2003).

## FIFTIETH DEFENSE

Any jury making an award of punitive damages in this case must consider the factors set forth in Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001), and BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), and the application thereof in BMW of North America, Inc. v. Gore, 701 So.2d 507 (Ala. 1997), and State Farm Mutual Automobile Insurance Co. v. Campbell, 538 U.S. 408 (2003), in assessing constitutional punitive damages.

## FIFTY-FIRST DEFENSE

Any award of punitive damages in this case would be unconstitutional under Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001), and BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), and the application thereof in BMW of North America, Inc. v. Gore, 701 So.2d 507 (Ala. 1997), and State Farm Mutual Automobile Ins. Co. v. Campbell, 538 U.S. 408 (2003), because Defendants received no notice of the severity of the potential penalty that might be imposed as punishment under Alabama law.

## FIFTY-SECOND DEFENSE

Any  punitive damages assessed against Defendants must be mitigated in accordance with the factors set forth in Cooper Industries, Inc. v Leatherman Tool Group, Inc., 532 U.S. 424 (2001), BMW of North America, Inc. v. Gore, 517 U.S. 599 (1996), BMW of North America, Inc. v. Gore, 701 So.2d 507 (Ala. 1997), State Farm Mutual Automobile Ins. Co. v. Campbell, 538 U.S. 408 (2003), Green Oil Co. v. Hornsby, 539 So.2d 218 (Ala. 1989), and Hammond v. City of Gadsden, 493 So.2d 1374 (Ala. 1986), and their progeny.

## FIFTY-THIRD DEFENSE

"[T]he Due Process Clause forbids a State to use a punitive damages award to punish a defendant for injury that it inflicts upon nonparties or those whom they directly represent, i.e., injury that it inflicts upon those who are, essentially, strangers to the litigation."  Phillip Morris v. Williams, 127 S.Ct. 1057, 1063 (2007).  Furthermore, any such an award would amount to a taking of property from the defendant without due process.  Id. at 1060.

## FIFTY-FOURTH DEFENSE

"[T]he Due Process Clause prohibits a State from punishing an individual without first providing that individual with an opportunity to present every available defense." Phillip Morris v. Williams, 127 S.Ct. 1057, 1063 (2007) (quoting Lindsey v. Normet, 405 U.S. 56, 66 (1972)).

## FIFTY-FIFTH DEFENSE

The Due Process Clause prohibits punishment of a defendant based on an injury to a nonparty because such punishment would add a near standardless dimension to the punitive damages equation. Phillip Morris v. Williams, 127 S.Ct. 1057, 1063 (2007). Such punishment would be based on speculation and, thus, magnifies the fundamental due process concerns of arbitrariness, uncertainty, and lack of notice. Id.

## FIFTY-SIXTH DEFENSE

Federal constitutional law obligates this Court to provide procedural protection against the risk of a jury punishing defendants for potential injuries to persons not before the Court. Phillip Morris v. Williams, 127 S.Ct. 1057, 1065 (2007). Stated differently, the Due Process Clause requires that this Court provide assurance "that [the jury in this case is not] asking the wrong question, i.e., seeking not simply to determine reprehensibility, but also to punish for harm caused to strangers." Id. at 1064.

## FIFTY-SEVENTH DEFENSE

Defendants plead insufficiency of and/or lack of service of process.

## FIFTY-EIGHTH DEFENSE

Defendants plead lack of personal jurisdiction.

## FIFTY-NINTH DEFENSE

Defendants reserve the right to assert additional defenses that may arise as discovery progresses or that they otherwise become aware of during the course of this litigation.


/s/ *G. Randall Spear*
G. RANDALL SPEAR (SPE016)
Attorney   for   Defendants,   Quality   Systems
Installation and Bradley Bozeman

OF COUNSEL:

SPEAR, SPEAR & HAMBY, P.C.
169 Dauphin Street, Suite 200
Post Office Box 1347
Mobile, Alabama  36633
dah@sshlawpc.com
(251) 344-8181
(251) 344-6629 FAX

### CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of December, 2018, I electronically filed the foregoing pleading with the Clerk of the Court using the AlaFile system which will send notification of such filing to the following:

Alex W. Zoghby, Esquire - azoghby@zoghbylaw.com
Law Office of Alex W. Zoghby
2601 Dauphin Street
Mobile, Alabama  36606

/s/ *G. Randall Spear*
G. RANDALL SPEAR



AlaFile E-Notice

02-CV-2018-903088.00

Judge: JOHN R LOCKETT

To:  GARY RANDALL SPEAR
     grs@sshlawpc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

TONY HALL V. QUALITY SYSTEMS INSTALLATION ET AL
02-CV-2018-903088.00

The following matter was FILED on 12/27/2018 1:50:48 PM

**D002 BRADLEY BRANDON**

**D001 QUALITY SYSTEMS INSTALLATION**

NOTICE OF CONSTITUTIONAL CHALLENGE

[Filer: SPEAR GARY RANDALL]

Notice Date:      12/27/2018 1:50:48 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

ELECTRONICALLY FILED
12/27/2018 1:50 PM
02-CV-2018-903088.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

# STATE OF ALABAMA
**Unified Judicial System**

Revised 3/5/08

02-MOBILE

☐ District Court  ☑ Circuit Court

Case CV2...

| | |
|---|---|
| TONY HALL V. QUALITY SYSTEMS INSTALLATION ET AL | **CIVIL MOTION COVER SHEET**<br>*Name of Filing Party:* D001 - QUALITY SYSTEMS INSTALLATION<br>D002 - BRADLEY BRANDON |

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

GARY RANDALL SPEAR

P.O. BOX 1347

MOBILE, AL 36633

*Attorney Bar No.:* SPE016

☐ Oral Arguments Requested

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment ($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion (Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56 ($50.00) | ☐ Disburse Funds |
| ☐ Motion to Intervene ($297.00) | ☐ Extension of Time |
| ☐ Other _____ | ☐ In Limine |
| pursuant to Rule _____ ($50.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| ☐ Local Court Costs $ 0 _____ | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☑ Other    Notice of Constitutional Challenge |
| | pursuant to Rule 0    (Subject to Filing Fee) |

Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees)  ☐

Date:
12/27/2018 1:49:58 PM

Signature of Attorney or Party
/s/ GARY RANDALL SPEAR

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.


ELECTRONICALLY FILED
12/27/2018 1:50 PM
02-CV-2018-903088.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| **TONY HALL,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO. CV-2018-903088** |
| | § | |
| **QUALITY SYSTEMS INSTALLATION,** | § | |
| **BRANDON BRADLEY, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## NOTICE OF CONSTITUTIONAL CHALLENGE

In compliance with the requirement of Section 6-6-227 of the CODE OF ALABAMA, Defendants, QUALITY SYSTEMS INSTALLATION and BRADLEY BOZEMAN, incorrectly identified as BRANDON BRADLEY, hereby notify the Attorney General of the State of Alabama of their constitutional challenges to the award of punitive damages under Alabama substantive law and procedures, including the 1987 tort reform provisions, governing the award and review of punitive damages in civil actions in this state, against the claims filed by Plaintiff, HILDA VINSON, as follows:

1.      Defendants have filed an Answer challenging the award of punitive damages under the law and statute of this State.  Attached hereto as **Exhibit A** is a copy of the Defendants' Answer wherein said Defendants assert various constitutional challenges to the award of punitive damages under Alabama law and procedure and said Answer is incorporated herein as if set out in full.

2.      Defendants aver that Alabama's 1987 tort reform statutes governing punitive damages, including Sections 6-11-20 through 6-11-27, do not correct and remedy the constitutional deficiencies asserted in these Defendants' Answer (Exhibit A), and this Notice

should be construed as a constitutional challenge to those statutory provisions on all of the grounds stated in **Exhibit A**.

/s/ *G. Randall Spear*
G. RANDALL SPEAR (SPE016)
Attorney for Defendants, Quality Systems Installation and Bradley Bozeman

OF COUNSEL:

SPEAR, SPEAR & HAMBY, P.C.
169 Dauphin Street, Suite 200
Post Office Box 1347
Mobile, Alabama  36633
dah@sshlawpc.com
(251) 344-8181
(251) 344-6629 FAX

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 27th day of December, 2018, I electronically filed the foregoing pleading with the Clerk of the Court using the AlaFile system which will send notification of such filing to the following:

Alex W. Zoghby, Esquire - azoghby@zoghbylaw.com
Law Office of Alex W. Zoghby
2601 Dauphin Street
Mobile, Alabama  36606

I also served a copy of the foregoing pleading by depositing the same in the United States mail, properly addressed and first class postage prepaid, as follows:

Honorable Steven Marshall
Office of the Attorney General
Post Office Box 300152
Montgomery, Alabama  36130-0152

/s/ *G. Randall Spear*
G. RANDALL SPEAR

Attachment:
Exhibit A - Answer to Complaint

2



**Exhibit A**

AlaFile E-Notice



ELECTRONICALLY FILED
12/27/2018 1:50 PM
02-CV-2018-903088.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

02-CV-2018-903088.00

To:   GARY RANDALL SPEAR
      grs@sshlawpc.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

TONY HALL V. QUALITY SYSTEMS INSTALLATION ET AL
02-CV-2018-903088.00

The following answer was FILED on 12/27/2018 1:43:12 PM

Notice Date:    12/27/2018 1:43:12 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



ELECTRONICALLY FILED
12/27/2018 1:42 PM
02-CV-2018-903088.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| **TONY HALL,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO. CV-2018-903088** |
| | § | |
| **QUALITY SYSTEMS INSTALLATION,** | § | |
| **BRANDON BRADLEY, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## ANSWER TO COMPLAINT

COME NOW, Defendants, QUALITY SYSTEMS INSTALLATION and BRADLEY BOZEMAN, incorrectly identified as BRANDON BRADLEY, by and through undersigned counsel, and in response to Plaintiffs' Complaint, say as follows:

### FIRST CAUSE OF ACTION

1.      Admitted.

2.      Admitted that Bradley Bozeman is a resident of Escambia County, Florida.

3.      Admitted to the extent Bradley Bozeman was an employee of Quality Systems Installation on the date on the incident made the basis of this suit. All other allegations are denied.

4.      Based on current knowledge, admitted.

5.      Denied.

6.      Denied.

### SECOND CAUSE OF ACTION

7.      Defendants adopt and reaver their responses to all preceding allegations and incorporate same by reference as if fully set out herein.

8.      Denied.

### THIRD CAUSE OF ACTION

9.      Defendants adopt and reaver their responses to all preceding allegations and incorporate same by reference as if fully set out herein.

10.     Denied.

11.     Denied.

12.     Denied.

### FOURTH CAUSE OF ACTION

13.     Defendants adopt and reaver their responses to all preceding allegations and incorporate same by reference as if fully set out herein.

14.     Denied.

15.     Denied.


### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a cause of action against Defendants upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations.

### THIRD DEFENSE

Plaintiff's claims are barred by the applicable statutes of repose.

### FOURTH DEFENSE

Plaintiff has failed to mitigate his damages.

2

## FIFTH DEFENSE

Plaintiff's claims are barred by the doctrine of assumption of the risk.

## SIXTH DEFENSE

Defendants plead superseding and/or intervening causes.

## SEVENTH DEFENSE

Defendants plead lack of proximate causation and/or causal connection.

## EIGHTH DEFENSE

The acts and damages of which Plaintiff complains, to the extent they exist, were caused by the acts or omissions of others for whom Defendants are not legally responsible and over whom Defendants had no control.

## NINTH DEFENSE

This Defendant has not breached any duty owed to Plaintiff by virtue of any applicable statute, law, or standard.

## TENTH DEFENSE

Plaintiff's claims are barred by the doctrines of laches, estoppel, unclean hands, waiver, and release.

## ELEVENTH DEFENSE

Defendants plead the doctrine of set-off.

## TWELFTH DEFENSE

To the extent that any party has settled or may in the future settle with Plaintiff, Defendants assert their entitlement to an appropriate credit or reduction of any judgment against them.

## THIRTEENTH DEFENSE

Alabama's law of joint and several liability is unconstitutional both on its face and as applied to Defendants in this case.

## FOURTEENTH DEFENSE

Alabama's law denies Defendants due process and equal protection because Defendants are denied defenses available to other defendants in other tort cases.

## FIFTEENTH DEFENSE

Plaintiff's Complaint fails to state a claim for which punitive damages can be recovered against Defendants.

## SIXTEENTH DEFENSE

Defendants have not been guilty of any conduct that would entitle Plaintiff to recover punitive damages.

## SEVENTEENTH DEFENSE

Defendants aver that any award of punitive damages to the Plaintiff in this case would be in violation of the constitutional safeguards provided to Defendants under the Constitution of Alabama.

## EIGHTEENTH DEFENSE

Defendants aver that any award of punitive damages to the Plaintiff in this case would be in violation of the constitutional safeguards provided to Defendants under the Constitution of the United States.

## NINETEENTH DEFENSE

The punitive damages sought are in excess of comparable maximums established for criminal fines by the Alabama Legislature in §§ 13A-5-11 and 13A-5-12 of the Alabama Code (1975), jointly and separately.

## <u>TWENTIETH DEFENSE</u>

Each claim for punitive damages, on its face and/or as applied in this case is in violation of the Fourth Amendment of the <u>Constitution of the United States</u>; the Fifth Amendment of the <u>Constitution of the United States</u>; of the right to counsel and a fair trial provided by the Sixth Amendment of the <u>Constitution of the United States</u>; of the right to trial by jury of the Seventh Amendment of the <u>Constitution of the United States</u>; of the proportionality principles contained in the Eighth Amendment of the <u>Constitution of the United States</u>; the Due Process Clause of the Fourteenth Amendment of the <u>Constitution of the United States</u>; and Article 1, Sections 1, 2, 6, 11, 13, 15, and 35 of the <u>Constitution of Alabama</u> of 1901, and is improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes for the following reasons, jointly and separately:

1.    The standards provided by Alabama law for the imposition of punitive damages are insufficiently specific, and therefore, Defendants have not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of an award and to modify or conform their conduct accordingly;

2.    Present Alabama procedures permit awards of punitive damages that constitute excessive fines;

3.    Punitive damages are penal in nature and should not be imposed by civil courts or juries;

4.    The procedures to be followed would permit an award of punitive damages against Defendants upon the satisfaction of a burden of persuasion (standard of proof) less than that applicable to the imposition of criminal sanctions for equal culpability;

5.    The procedures to be followed would permit an award of punitive damages against Defendants upon the satisfaction of a burden of persuasion (standard of proof) less than what is applicable to tortfeasors in other actions;

6.    Defendants are not afforded the same protections and standards given other tortfeasors pursuant to <u>Alabama Code</u> §§ 6-11-20 through 6-11-30;

7.    Because punitive damages are a form of criminal or quasi-criminal sanctions, any award of punitive damages is unconstitutional absent the same protections afforded to criminal defendants, including, but not limited to, protection against unreasonable searches and seizures, the right to confront adverse witnesses, a speedy trial and effective assistance of counsel, all separately and severally;

8.    The procedures to be followed would permit the award of multiple punitive damages awards for the same act or omission;

9.    There are no provisions or standards for clear and consistent appellate review of any award of punitive damages against Defendants under present Alabama law;

10.   The standards of conduct upon which punitive damages are sought against Defendants are vague and ambiguous and are not rationally related to any legitimate purpose;

11.   The procedures used by Alabama courts and the guidelines given to the jurors, jointly and separately, are vague and ambiguous and are not rationally related to any legitimate purpose;

5

12.  The procedures used by Alabama courts and the guidelines given to jurors, jointly and separately, are vague and ambiguous and thus, impermissibly delegate to jurors basic policy matters;

13.  The procedures used by Alabama courts and guidelines given to jurors, jointly and separately, are vague and ambiguous and, thus, impermissibly allow jurors broad, unlimited power and unfettered discretion to make determinations on whether to award punitive damages and, if so, on the amount to be awarded;

14.  The procedures under which punitive damages are awarded and instructions used in Alabama courts, jointly and separately, are vague and ambiguous and, thus, fail to eliminate the effects of, and to guard against, impermissible juror passion;

15.  The procedures under which punitive damages are awarded and instructions used in Alabama courts, jointly and separately, fail to guard against the award of punitive damages on the basis of discriminatory characteristics such as the wealth of Defendants;

16.  Present Alabama law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded;

17.  Present Alabama law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages;

18.  Present Alabama law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of any punitive damages awarded by a jury;

19.  An award of punitive damages is not subject to judicial review for reasonableness and furtherance of legitimate purpose on the basis of constitutionally adequate standards of sufficient clarity, objectivity and uniformity;

20.  Present Alabama law does not provide the constitutionally required balance between a defendant's interest in rational decision making and the state's interest in ensuring appropriate punishments;

21.  The present Alabama procedures fail to provide a constitutional and reasonable limit on the amount of any punitive award against Defendants;

22.  The present Alabama procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability is determined;

23.  An award of punitive damages would compensate the plaintiff for elements of damage not otherwise recognized by Alabama law and would enrich or compensate the plaintiff, which is an impermissible utilization of allegedly punitive damages;

24.  The present Alabama procedures fail to require any rational, objective or logical relationship between either the award of or the amount of punitive damages awarded and the alleged conduct of the defendant or the compensatory damages awarded to the plaintiff, if any;

25.  The term "malice," as used and defined in Section 6-11-20(a) and Section 6-11- 20(b), Code of Alabama (1975), creates an unconstitutional, irrebuttable, mandatory presumption; and

26.  An award of punitive damages in this case would permit the punishment of Defendants other than by virtue of a law established and promulgated prior to the offense and legally applied.

## TWENTY-FIRST DEFENSE

The award of punitive or extra-contractual damages on the basis of vicarious liability for the conduct of others violates the Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States as well as the Constitution of Alabama provisions set forth above.

## TWENTY-SECOND DEFENSE

The assessment and adjudication against Defendants of any punitive damages other than those measured according to its sole, individual conduct would be improper and impermissible.

## TWENTY-THIRD DEFENSE

The imposition of punitive damages in this case is unconstitutional under the Fifth and Fourteenth Amendments of the Constitution of the United States and Article 1, Sections 5 and 6 of the Constitution of Alabama because punitive damages are penal in nature, and Defendants are compelled to disclose documents and/or other evidence without constitutional safeguards against self-incrimination.

## TWENTY-FOURTH DEFENSE

The imposition of punitive damages deprives Defendants of the right to equal protection under the laws provided in the Fifth and Fourteenth Amendments of the Constitution of the United States and in Article 1, Sections 1, 6 and 22, of the Constitution of Alabama of 1901 for the following reasons, jointly and separately:

1.  The Plaintiff seeks punitive damages in excess of the respective maximums established by the Alabama Legislature in §§ 13A-5-11 and 13A-5-12, Code of Alabama (1975), jointly and separately, whereas those charged under the Criminal Code for similar or identical culpability would have the benefit of the cited code provisions;
2.  The procedures to be followed would permit the awarding of punitive damages against Defendants upon the satisfaction of a burden of persuasion (standard of proof) less than the applicable standard in criminal cases for criminal sanctions involving similar or identical levels of culpability;
3.  The procedures to be followed would permit an award of punitive damages against Defendants upon the satisfaction of a burden of persuasion (standard of proof) less than what is applicable to tortfeasors in other actions;
4.  Defendants are not afforded the same protections and standards given other tortfeasors pursuant to Alabama Code §§ 6-11-20 through 6-11-30;
5.  The absence of sufficiently specific and objective standards for the imposition of punitive damages fails to insure the equality of treatment between and among similarly situated defendants and, thus, may result in the imposition of disparate penalties for the same or similar acts; and

7

6.      Punitive damages are penal in nature and Defendants, without procedural protections, are compelled to disclose documents and/or other evidence without constitutional safeguards against self-incrimination whereas persons charged under criminal provisions for acts or omissions of similar culpability are protected from being compelled to disclose documents and/or other evidence by constitutional procedures and safeguards available in criminal cases.

## TWENTY-FIFTH DEFENSE

Plaintiff's claim for punitive damages is barred to the extent that he seeks the admission into evidence of Defendants' net worth in determining whether punitive damages are to be awarded and/or in what amount they are to be awarded because punitive damages are a form of punishment grounded in Defendants' status rather than specific misconduct and, thus, have the effect of treating classes of citizens unequally in violation of the equal protection clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and Article I, Sections 1, 6, 13 and 22 of the Constitution of Alabama.

## TWENTY-SIXTH DEFENSE

By virtue of Alabama Code §§ 6-11-20 and 6-11-27 (1975), punitive damages are not recoverable against Defendants.

## TWENTY-SEVENTH DEFENSE

Section 6-11-21(e) of the Alabama Code provides that, except as provided in Section 6-11-27, no defendant shall be liable for any punitive damages unless that defendant has been expressly found by the trier of fact to have engaged in conduct, as defined in Section 6-11-20, warranting punitive damages, and such defendant shall be liable only for punitive damages commensurate with that defendant's own conduct.  See, e.g., Reserve Nat. Ins. Co. v. Crowell, 614 So.2d 1005 (Ala. 1993). There can be no award of punitive damages against Defendants in this case because: (1) the alleged conduct of Defendants do not fall within Section 6-11-20; (2) to the extent culpability exists, it does not rest with Defendants; and (3) vicarious liability for punitive damages cannot exist under section 6-11-27.

## TWENTY-EIGHTH DEFENSE

Pursuant to Alabama Code Section 6-11-20, an award of punitive damages must be supported by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiffs. There is no such evidence in this case.

8

## TWENTY-NINTH DEFENSE

Section 6-11-27 of the Alabama Code bars the imposition of vicarious liability and any award of punitive damages for said liability in the present matter. Section 6-11-27 provides that a principal, employer, or other master shall not be liable for punitive damages for intentional wrongful conduct or conduct involving malice based upon acts or omissions of an agent, employee, or servant of said principal, employer, or master unless the principal, employer, or master either: knew or should have known of the unfitness of the agent, employee, or servant, and employed him or continued to employ him, or used his services without proper instruction with a disregard of the rights or safety of others; or authorized the wrongful conduct; or ratified the wrongful conduct; or unless the acts of the agent, servant or employee were calculated to or did benefit the principal, employer or other master, except where the plaintiffs knowingly participated with the agent, servant, or employee to commit fraud or wrongful conduct with full knowledge of the import of his act.

## THIRTIETH DEFENSE

The imposition of punitive damages in this case will constitute an excessive fine in violation of the Eighth Amendment of the Constitution of the United States and Article 1, Section 15 of the Constitution of Alabama.

## THIRTY-FIRST DEFENSE

The imposition of punitive damages in this case is unconstitutional under the due process clause of the Fourteenth Amendment of the Constitution of the United States for the following reasons, jointly and separately:

1.  The punitive damages sought in this case are vastly disproportionate to the actual damages allegedly sustained by the Plaintiff;
2.  The imposition of punitive damages in this case constitutes an arbitrary and capricious taking of Defendants' property with no rationally stated purpose;
3.  Allowing a jury to award punitive damages with unfettered discretion is inconsistent with due process; and
4.  Such damages are vague and ambiguous and are not rationally related to any legitimate government interest.

## THIRTY-SECOND DEFENSE

The imposition of punitive damages in this case is an unconstitutional deprivation of property without the due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and Article 1, Section 6 of the Constitution of Alabama.

**THIRTY-THIRD DEFENSE**

Any award of punitive damages to the Plaintiff in this case would be in violation of Article 1, Section 10, Clause 1 of the Constitution of the United States and Article 1, Section 22 of the Constitution of Alabama prohibiting laws which impair the obligation of contracts.

**THIRTY-FOURTH DEFENSE**

Present Alabama punitive damages procedures allow the jury to punish defendants for conduct occurring outside of the state constituting unlawful state regulation of Interstate Commerce and violation of the Interstate Commerce Clause of the Constitution of the United States.

**THIRTY-FIFTH DEFENSE**

The imposition of punitive damages in this case unconstitutionally violates the right of Defendants to access to the courts as guaranteed by the First and Fourteenth Amendments of the Constitution of the United States.

**THIRTY-SIXTH DEFENSE**

The imposition of punitive damages in this case violates the double jeopardy clause of the Fifth Amendment of the Constitution of the United States as incorporated into the Fourteenth Amendment of the Constitution of the United States.

**THIRTY-SEVENTH DEFENSE**

Plaintiff's claims for punitive damages should not be submitted to the jury because, under the United State Supreme Court's holding in Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001), and the Alabama Supreme Court's holding in Horton Homes, Inc. v. Brooks, 832 So.2d 44 (Ala. 2001), the issue of punitive damages is not a question of fact to be decided by a jury.

**THIRTY-EIGHTH DEFENSE**

The amount of punitive damages is not a question for the jury to determine. The procedures used by Alabama courts and the guidelines given to the jurors, jointly and separately, are vague and ambiguous. Present Alabama law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded. Present Alabama law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of any punitive damages awarded by a jury.

**THIRTY-NINTH DEFENSE**

To permit the imposition of punitive damages against Defendants on a joint and several liability basis is unconstitutional in that the damages are punitive in nature, yet there is no provision under the law of Alabama for the assessment of punitive damages separately and severally against joint tortfeasors even though the damages are predicated upon the alleged enormity of the wrong committed by the tortfeasor, and would violate Defendants' rights to due process and equal protection of the laws under the Fifth and Fourteenth Amendments to the Constitution of the United States, and Article I, Sections 1, 6, 13 and 22 of the Constitution of Alabama.

**FORTIETH DEFENSE**

The procedures pursuant to which punitive damages are awarded subject civil defendants to punishment for the conduct of others through vicarious liability or through non-apportionment of damages among joint tortfeasors, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, §§ 1 and 6 of the Alabama Constitution.

**FORTY-FIRST DEFENSE**

Alabama's application of joint and several liability prohibiting apportionment of punitive damages violates the constitutional prohibition against vague and over broad laws.

**FORTY-SECOND DEFENSE**

Allowing Alabama juries to jointly and severally award punitive damages against multiple defendants who have different causes of action against them violates the due process clause of the United States and Alabama Constitutions. CP & B Enterprises, Inc. v. Mellert, 762 So.2d 356 (Ala. 2000).

**FORTY-THIRD DEFENSE**

No Alabama statute or law gives a defendant notice that if he commits a certain wrong, he could be liable not only for the actual damages sustained by the plaintiff, but also for punitive damages that may have been intended by a jury to punish only other co-defendants, violating defendant's right to due process under the United States and Alabama Constitutions.

**FORTY-FOURTH DEFENSE**

The principles of joint and several liability and non-apportionment of punitive damages violate the proportionality principles contained in the Eighth Amendment to the United States Constitution.

## FORTY-FIFTH DEFENSE

To permit the imposition of punitive damages against Defendants on a joint and several liability basis would violate Defendants' right under the Eighth Amendment to the Constitution of the United States and Article I, Section 15 of the Constitution of Alabama in that the award imposes an excessive fine against joint tortfeasors without any consideration being allowed to be given by the jury to the degree of culpability each defendant had, if any.

## FORTY-SIXTH DEFENSE

The imposition of an award of punitive damages against Defendants on a joint and several liability basis would violate said Defendants' right to due process and equal protection of the laws under the Fifth and Fourteenth Amendments to the Constitution of the United States, and Article I, §§ 1, 6, 13 and 22 of the Constitution of Alabama, in that:

1.   It permits the imposition of joint and several judgments against multiple co- defendants for different acts or degrees of wrongdoing or culpability;
2.   It allows punitive damages to be assessed and imposed based on the conduct of persons or entities other than Defendants or their agents or employees and/or without apportionment of damages based on the degree of culpability of Defendants, if any;
3.   Defendants are denied a fair opportunity to have the jury assess damages based on their alleged culpability which cannot be segregated from allegations against other defendants; and
4.   In failing to provide for joint contribution and an apportionment of damages among defendants, Defendants are deprived of property without due process of law.

## FORTY-SEVENTH DEFENSE

Without the protections previously provided in §§ 6-11-23(a) and 6-11-24, Code of Alabama regarding punitive damage awards, now declared unconstitutional by the Alabama Supreme Court, the State of Alabama no longer affords to a defendant sufficient protection under the United States Constitution from excessive and arbitrary punitive damage awards.

## FORTY-EIGHTH DEFENSE

With respect to Plaintiff's demands for punitive damages, Defendants plead all applicable caps and limitations available under Alabama law, including, but not limited to, Alabama Code § 6-11-20 (1975), and Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damages awards which arose in the decisions of Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001), BMW of North America, Inc. v. Gore, 517 U.S. 599 (1996), and the application thereof in BMW of North America, Inc. v. Gore, 701 So.2d 507 (Ala. 1997), and State Farm Mutual Automobile Ins. Co. v. Campbell, 538 U.S. 408 (2003).

12

## FORTY-NINTH DEFENSE

Any award of punitive damages in this case would be subject to scrutiny under the factors set forth in Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001), BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), and the application thereof in BMW of North America, Inc. v. Gore, 701 So.2d 507 (Ala. 1997), and State Farm Mutual Automobile Ins. Co. v. Campbell, 538 U.S. 408 (2003).

## FIFTIETH DEFENSE

Any jury making an award of punitive damages in this case must consider the factors set forth in Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001), and BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), and the application thereof in BMW of North America, Inc. v. Gore, 701 So.2d 507 (Ala. 1997), and State Farm Mutual Automobile Insurance Co. v. Campbell, 538 U.S. 408 (2003), in assessing constitutional punitive damages.

## FIFTY-FIRST DEFENSE

Any award of punitive damages in this case would be unconstitutional under Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001), and BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), and the application thereof in BMW of North America, Inc. v. Gore, 701 So.2d 507 (Ala. 1997), and State Farm Mutual Automobile Ins. Co. v. Campbell, 538 U.S. 408 (2003), because Defendants received no notice of the severity of the potential penalty that might be imposed as punishment under Alabama law.

## FIFTY-SECOND DEFENSE

Any punitive damages assessed against Defendants must be mitigated in accordance with the factors set forth in Cooper Industries, Inc. v Leatherman Tool Group, Inc., 532 U.S. 424 (2001), BMW of North America, Inc. v. Gore, 517 U.S. 599 (1996), BMW of North America, Inc. v. Gore, 701 So.2d 507 (Ala. 1997), State Farm Mutual Automobile Ins. Co. v. Campbell, 538 U.S. 408 (2003), Green Oil Co. v. Hornsby, 539 So.2d 218 (Ala. 1989), and Hammond v. City of Gadsden, 493 So.2d 1374 (Ala. 1986), and their progeny.

## FIFTY-THIRD DEFENSE

"[T]he Due Process Clause forbids a State to use a punitive damages award to punish a defendant for injury that it inflicts upon nonparties or those whom they directly represent, i.e., injury that it inflicts upon those who are, essentially, strangers to the litigation." Phillip Morris v. Williams, 127 S.Ct. 1057, 1063 (2007). Furthermore, any such an award would amount to a taking of property from the defendant without due process. Id. at 1060.

### FIFTY-FOURTH DEFENSE

"[T]he Due Process Clause prohibits a State from punishing an individual without first providing that individual with an opportunity to present every available defense." Phillip Morris v. Williams, 127 S.Ct. 1057, 1063 (2007) (quoting Lindsey v. Normet, 405 U.S. 56, 66 (1972)).

### FIFTY-FIFTH DEFENSE

The Due Process Clause prohibits punishment of a defendant based on an injury to a nonparty because such punishment would add a near standardless dimension to the punitive damages equation. Phillip Morris v. Williams, 127 S.Ct. 1057, 1063 (2007). Such punishment would be based on speculation and, thus, magnifies the fundamental due process concerns of arbitrariness, uncertainty, and lack of notice. Id.

### FIFTY-SIXTH DEFENSE

Federal constitutional law obligates this Court to provide procedural protection against the risk of a jury punishing defendants for potential injuries to persons not before the Court. Phillip Morris v. Williams, 127 S.Ct. 1057, 1065 (2007). Stated differently, the Due Process Clause requires that this Court provide assurance "that [the jury in this case is not] asking the wrong question, i.e., seeking not simply to determine reprehensibility, but also to punish for harm caused to strangers." Id. at 1064.

### FIFTY-SEVENTH DEFENSE

Defendants plead insufficiency of and/or lack of service of process.

### FIFTY-EIGHTH DEFENSE

Defendants plead lack of personal jurisdiction.

### FIFTY-NINTH DEFENSE

Defendants reserve the right to assert additional defenses that may arise as discovery progresses or that they otherwise become aware of during the course of this litigation.

/s/ *G. Randall Spear*
G. RANDALL SPEAR (SPE016)
Attorney for Defendants, Quality Systems Installation and Bradley Bozeman

14

OF COUNSEL:

SPEAR, SPEAR & HAMBY, P.C.
169 Dauphin Street, Suite 200
Post Office Box 1347
Mobile, Alabama  36633
dah@sshlawpc.com
(251) 344-8181
(251) 344-6629 FAX

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of December, 2018, I electronically filed the foregoing pleading with the Clerk of the Court using the AlaFile system which will send notification of such filing to the following:

Alex W. Zoghby, Esquire - azoghby@zoghbylaw.com
Law Office of Alex W. Zoghby
2601 Dauphin Street
Mobile, Alabama  36606

/s/ *G. Randall Spear*
G. RANDALL SPEAR



AlaFile E-Notice

02-CV-2018-903088.00

Judge: JOHN R LOCKETT

To: GARY RANDALL SPEAR
grs@sshlawpc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

TONY HALL V. QUALITY SYSTEMS INSTALLATION ET AL
02-CV-2018-903088.00

The following matter was FILED on 12/27/2018 1:52:20 PM

D002 BRADLEY BRANDON
D001 QUALITY SYSTEMS INSTALLATION
MOTION FOR PROTECTIVE ORDER
[Filer: SPEAR GARY RANDALL]

Notice Date:     12/27/2018 1:52:20 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

ELECTRONICALLY FILED
12/27/2018 1:52 PM
02-CV-2018-903088.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

# STATE OF ALABAMA

**Unified Judicial System**

Revised 3/5/08

02-MOBILE

☐ District Court  ☑ Circuit Court

Case: CV2

| | |
|---|---|
| TONY HALL V. QUALITY SYSTEMS INSTALLATION ET AL | **CIVIL MOTION COVER SHEET** |
| | *Name of Filing Party:* D001 - QUALITY SYSTEMS INSTALLATION D002 - BRADLEY BRANDON |

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

GARY RANDALL SPEAR

P.O. BOX 1347

MOBILE, AL 36633

*Attorney Bar No.:* SPE016

☐ Oral Arguments Requested

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Disburse Funds |
| ☐ Motion to Intervene ($297.00) | ☐ Extension of Time |
| ☐ Other _____ | ☐ In Limine |
| pursuant to Rule _____ ($50.00) | ☐ Joinder |
| | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| ☐ Local Court Costs $ 0 | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☑ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

Check here if you have filed  or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐

Date:
12/27/2018 1:51:06 PM

Signature of Attorney or Party
/s/ GARY RANDALL SPEAR

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.



ELECTRONICALLY FILED
12/27/2018 1:52 PM
02-CV-2018-903088.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| **TONY HALL,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO. CV-2018-903088** |
| | § | |
| **QUALITY SYSTEMS INSTALLATION,** | § | |
| **BRANDON BRADLEY, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## MOTION FOR PROTECTIVE ORDER

COME NOW, Defendants, QUALITY SYSTEMS INSTALLATION and BRADLEY BOZEMAN, incorrectly identified as BRANDON BRADLEY, by and through undersigned counsel, and move the Court for a Protective Order authorizing disclosure of protected health information pertaining to the Plaintiff, TONY HALL.  As grounds for this Motion, Defendants state as follows:

1. This is an action for personal injuries allegedly suffered by the Plaintiff on or about the 3rd day of January, 2018.  Plaintiff alleges that subsequent to his accident, he underwent substantial medical treatment and incurred medical bills in an effort to cure the alleged injuries.

2. Because of the nature of this personal injury litigation, Defendants need access to Plaintiff's medical records and bills to evaluate his claims, the extent of his injuries, the presence of pre-existing or subsequently developed medical conditions, and other information pertaining to Plaintiff's medical condition.

3. Pursuant to the Health Insurance Privacy and Accountability Act (HIPAA), health care providers may require the assurance of a protective order limiting disclosure of medical

information pertaining to Plaintiff before responding to a subpoena or other directive to produce medical records or bills.  A proposed Protective Order is submitted herewith.

WHEREFORE, premises considered, Defendants respectfully request the Court to enter a Protective Order governing the dissemination of protected health information of the Plaintiff.


/s/ *G. Randall Spear*
G. RANDALL SPEAR (SPE016)
Attorney for Defendants, Quality Systems Installation and Bradley Bozeman

OF COUNSEL:

SPEAR, SPEAR & HAMBY, P.C.
169 Dauphin Street, Suite 200
Post Office Box 1347
Mobile, Alabama  36633
dah@sshlawpc.com
(251) 344-8181
(251) 344-6629 FAX


CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of December, 2018, I electronically filed the foregoing pleading with the Clerk of the Court using the AlaFile system which will send notification of such filing to the following:

Alex W. Zoghby, Esquire - azoghby@zoghbylaw.com
Law Office of Alex W. Zoghby
2601 Dauphin Street
Mobile, Alabama  36606


/s/ *G. Randall Spear*
G. RANDALL SPEAR .

2



ELECTRONICALLY FILED
2/23/2018 1:52 PM
02-CV-2018-903088.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| HALL TONY | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | **Case No.:**  CV-2018-903088.00 |
| | ) | |
| QUALITY SYSTEMS INSTALLATION, | ) | |
| BRADLEY BRANDON, | ) | |
| Defendants. | ) | |

## HIPAA ORDER

## HIPAA ORDER

Upon compliance with Rule 45 of the Alabama Rules of Civil Procedure, the attorneys for the parties and any *pro se* parties are permitted to inspect and copy all health information relating to any individual who is a party to this cause, or relating to any decedent or any real party in interest, whose interest is represented by an executor, administrator, guardian, next friend, bailee or trustee; and to inspect and copy all information relative to payment for the provision of medical care to any such individual ("Protected Health Information").

**This Order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena. The Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulation issued pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA). Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Alabama Rules of Civil Procedure.**

Nothing in this order permits disclosure of confidential communications, made for the purpose of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapists, including members of the patient's family, nor does this Order permit disclosure of records or information relating to HIV testing or sexually transmitted disease which are protected from discovery by any statute, court rule or decision.

Nothing in this Order authorizes any party or any attorney for any party to release or disclose any Protected Health Information to any other person or other entity not a party to this cause, other than agents or employees of the attorney or party obtaining the information. This Order prohibits the parties from using or disclosing the Protected Health Information for any purpose other than this litigation or proceedings.

At the conclusion of this action and at the written request of an Individual whose Protected Health

Information has been disclosed, or such Individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order, except that Protected Health Information which is included in insurance claim files and law firm litigation files may be retained to the extent necessary to comply with Alabama insurance laws and the Alabama State Bar rules and regulations.

Defendants' counsel may communicate with Plaintiff's prescribing and treating physicians, nurses, or other healthcare providers so long as he/she provides Plaintiff's counsel with reasonable notice of the time and place of the communication and the opportunity to be present and to participate in such communication. Otherwise, Defendants will engage in no ex parte communications with Plaintiff's prescribing and treating physicians, nurses, or other healthcare providers.

DONE this[To be filled by the Judge].

/s/[To be filled by the Judge]
_____
CIRCUIT JUDGE



AlaFile E-Notice

02-CV-2018-903088.00

To:   SPEAR GARY RANDALL
      grs@sshlawpc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

TONY HALL V. QUALITY SYSTEMS INSTALLATION ET AL
02-CV-2018-903088.00

The following complaint was FILED on 12/28/2018 4:23:49 PM

Notice Date:      12/28/2018 4:23:49 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



ELECTRONICALLY FILED
12/28/2018 4:23 PM
02-CV-2018-903088.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| **TONY HALL**, | * |
| | * |
| **Plaintiff**, | * |
| | * |
| **v**. | * |
| | * |
| **QUALITY SYSTEMS INSTALLATION**; | * |
| **BRANDON BRADLEY; A, B,** and **C,** the person, | * |
| firm, or legal entity who was the employer and/or | * |
| principal of **BRANDON BRADLEY** and/or the | * |
| driver of the truck that separated from the | * |
| loading dock, injuring the Plaintiff, as pled in | * |
| the complaint; D, E, and F, the person, firm, | * |
| or legal entity who owned, leased, controlled, | * |
| operated, and/or repaired or performed | * |
| maintenance or mechanical work on the | * |
| truck that made the basis of this suit, all of | * |
| whose true names are unknown, but will be | * |
| added when ascertained. | * |
| | * |
| **Defendants.** | * |

CV- 2018-903088

---

### FIRST AMENDED COMPLAINT
---

COMES NOW the Plaintiff, by and through the undersigned, and amends the previously

filed Complaint as follows:

### IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | |
|---|---|
| **TONY HALL**, | * |
| | * |
| **Plaintiff**, | * |
| | * |
| **v**. | * |
| | * |
| **QUALITY SYSTEMS INSTALLATION**; | * |
| **BRADLEY BOZEMAN; A, B,** and **C,** the person, | * |
| firm, or legal entity who was the employer and/or | * |
| principal of **BRADLEY BOZEMAN** and/or the | * |
| driver of the truck that separated from the | * |
| loading dock, injuring the Plaintiff, as pled in | * |
| the complaint; D, E, and F, the person, firm, | * |
| or legal entity who owned, leased, controlled, | * |
| operated, and/or repaired or performed | * |

CV- 2018-903088

maintenance or mechanical work on the          *
truck that made the basis of this suit, all of          *
whose true names are unknown, but will be          *
added when ascertained.          *
          *
     **Defendants.**          *

## **FIRST CAUSE OF ACTION**

     COMES NOW the Plaintiff, Tony Hall, and alleges against the Defendants, Quality Systems Installation; and Bradley Bozeman, incorrectly identified as Brandon Bradley in the original Complaint; A, B, C, D, E, and F as follows:

     1.     The Defendant, Quality Systems Installation, is a Florida corporation with its principle place of business in Cantonment, Florida which is located within Escambia County, Florida.

     2.     The Defendant, Bradley Bozeman is a resident of Escambia County, Florida.

     3.     At all material times herein, the Defendant, Bradley Bozeman; was acting within the line and scope of his employment and/or agency of Quality Systems Installation and/or A, B, C, D, E, and F.

     4.     On or about January 3, 2018, the Plaintiff, Tony Hall, was operating his forklift in the ordinary course of his employment on the loading dock of his employer.

     5.     On said date, the Defendant, Bradley Bozeman parked the truck he was operating abutting the loading dock of the Plaintiff's employer so as to allow Tony Hall to load cargo on his forklift from the loading dock into the rear of the Defendant's truck. The Defendant, Bradley Bozeman, negligently set his parking brake incorrectly or failed to set the parking brake at all, causing his truck to separate from the loading dock at the same time in which the Plaintiff, Tony Hall was loading cargo onto the truck. The truck's separation from the loading dock

caused the Plaintiff Tony Hall and the Forklift loaded with Cargo, to fall to the ground from the loading dock.

6.      As a proximate consequence of Defendants' negligence as set forth herein, the Plaintiff has suffered the following damages and injuries:

a.      Past and future pain and suffering;

b.      Past and future mental anguish;

c.      Past and future medical expenses;

d.      Past and future lost wages;

e.      Permanent injuries and/or disabilities; and.

WHEREFORE, premises considered, Plaintiff demands judgment against the Defendants, Quality Systems Installation, LLC.; Bradley Bozeman; A, B, C, D, E, and F for compensatory damages in excess of the jurisdictional threshold of this Court, plus interest and costs.

## SECOND CAUSE OF ACTION

COMES NOW the Plaintiff, Tony Hall, and alleges against the Defendants, Quality Systems Installation.; Bradley Bozeman; A, B, C, D, E, and F as follows:

7.      Plaintiff re-alleges and incorporates herein all of the preceding allegations, and further alleges as follows:

8.      The Defendant, Bradley Bozeman, was wanton in the operation of his truck as set forth hereinabove, and as a proximate consequence of said wantonness, the Plaintiff suffered those damages as set forth hereinabove.

WHEREFORE, premises considered, Plaintiff demands judgment against the Defendants, Quality Systems Installation.; Bradley Bozeman; A, B, C, D, E, and F for compensatory and punitive damages in excess of the jurisdictional limits of this Court, plus

interest and costs.

### THIRD CAUSE OF ACTION

COMES NOW the Plaintiff, Tony Hall, and alleges against the Defendants, Quality

Installation Solutions LLC.; A, B, C, D, E, and F as follows:

9.      Plaintiff re-alleges and incorporates herein all of the preceding allegations, and

further alleges as follows:

10.     Upon further investigation into this matter, immediately following the incident,

Bradley Bozeman stated that the emergency parking brakes on his truck were not functioning

properly. The brakes' mechanical failure allowed the truck to roll forward several feet, separating

from the loading dock; causing the Plaintiff, Tony Hall and the forklift to fall from the loading

dock onto the ground, thereby causing the Plaintiff's injuries.

11.     Plaintiff avers that said Defendants were negligent in one or more of the following

manners:

a.      By failing to properly train Bradley Bozeman, regarding performing a

proper pre-trip inspection of the emergency parking brake system on the subject truck;

b.      By failing to properly train Bradley Bozeman, regarding the steps to be

followed upon notice that the emergency parking brake on his truck was not functioning

properly;

c.      By failing to properly train Bradley Bozeman, relative to operating the

subject truck in a safe manner.

d.      By negligently hiring, retaining, and supervising Bradley Bozeman;

e.      By failing to properly inspect the subject truck in accordance with the

applicable rules and regulations;

f.      By failing to properly maintain the subject truck in reasonably safe

4

mechanical condition

        g.      By negligently entrusting the truck to Bradley Bozeman;

12.      As a proximate consequence of said negligence, combined with the negligence of Bradley Bozeman, relative to the operation of said truck, the Plaintiff suffered those injuries and damages as set forth hereinabove.

WHEREFORE, premises considered, Plaintiff demands judgment against the Defendants, Quality Systems Installation.; A, B, C, D, E, and F for compensatory damages in excess of the jurisdictional limits of this Court, plus interest and costs.

## FOURTH CAUSE OF ACTION

COMES NOW the Plaintiff, Tony Hall, and alleges against the Defendants, Quality Systems Installation., A, B, C, D, E, and F as follows:

13.      Plaintiff re-alleges and incorporates herein all of the preceding allegations, and further alleges as follows:

14.      Plaintiff avers that said Defendants were wanton as set forth hereinbove.

15.      As a proximate consequence of said wantonness, combined with the negligence and/or wantonness of Bradley Bozeman, relative to the operation of said truck, the Plaintiff suffered those injuries and damages as set forth hereinabove.

WHEREFORE, premises considered, Plaintiff demands judgment against the Defendants, Quality Systems Installation., A, B, C, D, E, and F for compensatory and punitive damages in excess of the jurisdictional limits of this Court, plus interest and costs.

        Respectfully submitted,


        s/ALEX W. ZOGHBY (ZOG003)
        ALEX W. ZOGHBY
        Attorney for Plaintiff

**<u>PLAINTIFF DEMANDS TRIAL BY STRUCK JURY</u>**

<u>s/ALEX W. ZOGHBY (ZOG003)</u>

ALEX W. ZOGHBY
Attorney for Plaintiff

OF COUNSEL:

LAW OFFICE OF ALEX W. ZOGHBY
2601 Dauphin Street
Mobile, Alabama 36606
Phone: (251) 479-1979
Facsimile (251) 470-1771
Email: azoghby@zoghbylaw.com
Website: www.zoghbylaw.com

_____

## CERTIFICATE OF SERVICE
_____

I do hereby certify that I have on this the 28th day of December, 2018, a true and correct copy of the foregoing document was served by placing the same in the United States mail, postage prepaid as follows:

G. RANDALL SPEAR
SPEAR, SPEAR & HAMBY, P.C.
169 Dauphin Street, Suite 200
Post Office Box 1347 Mobile, Alabama   36633
dah@sshlawpc.com

_____

s/ALEX W. ZOGHBY (ZOG003)

7



AlaFile E-Notice

02-CV-2018-903088.00

Judge: JOHN R LOCKETT

To:  SPEAR GARY RANDALL
     grs@sshlawpc.com

# NOTICE OF COURT ACTION

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

TONY HALL V. QUALITY SYSTEMS INSTALLATION ET AL
02-CV-2018-903088.00

A court action was entered in the above case on 12/31/2018 1:06:48 PM

ORDER

[Filer: ]

Disposition:     GRANTED
Judge:           JRL

Notice Date:     12/31/2018 1:06:48 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



ELECTRONICALLY FILED
10/23/2018 1:06 PM
02-CV-2018-903088.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

|                              |     |                              |
|------------------------------|-----|------------------------------|
| HALL TONY,                   | )   |                              |
| Plaintiff,                   | )   |                              |
|                              | )   |                              |
| V.                           | )   | Case No.:   CV-2018-903088.00 |
|                              | )   |                              |
| QUALITY SYSTEMS INSTALLATION,| )   |                              |
| BRADLEY BRANDON,             | )   |                              |
| BOZEMAN BRADLEY,             | )   |                              |
| Defendants.                  | )   |                              |

---

### HIPAA ORDER

---

Upon compliance with Rule 45 of the Alabama Rules of Civil Procedure, the attorneys for the parties and any *pro se* parties are permitted to inspect and copy all health information relating to any individual who is a party to this cause, or relating to any decedent or any real party in interest, whose interest is represented by an executor, administrator, guardian, next friend, bailee or trustee; and to inspect and copy all information relative to payment for the provision of medical care to any such individual ("Protected Health Information").

**This Order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena. The Order is intended to authorize such disclosures under Section 164.512(e)(1) of the privacy regulation issued pursuant to the Health Insurance Portability and Accountability Act of 1996 (HIPAA). Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the Alabama Rules of Civil Procedure.**

Nothing in this order permits disclosure of confidential communications, made for the purpose of diagnosis or treatment of a patient's mental or emotional condition, including alcohol or drug addiction, among the patient, the patient's psychotherapist, and persons who are participating in the diagnosis or treatment under the direction of the psychotherapists, including members of the patient's family, nor does this Order permit disclosure of records or information relating to HIV testing or sexually transmitted disease which are protected from discovery by any statute, court rule or decision.

Nothing in this Order authorizes any party or any attorney for any party to

release or disclose any Protected Health Information to any other person or other entity not a party to this cause, other than agents or employees of the attorney or party obtaining the information. This Order prohibits the parties from using or disclosing the Protected Health Information for any purpose other than this litigation or proceedings.

At the conclusion of this action and at the written request of an Individual whose Protected Health Information has been disclosed, or such Individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order, except that Protected Health Information which is included in insurance claim files and law firm litigation files may be retained to the extent necessary to comply with Alabama insurance laws and the Alabama State Bar rules and regulations.

Defendants' counsel may communicate with Plaintiff's prescribing and treating physicians, nurses, or other healthcare providers so long as he/she provides Plaintiff's counsel with reasonable notice of the time and place of the communication and the opportunity to be present and to participate in such communication. Otherwise, Defendants will engage in no ex parte communications with Plaintiff's prescribing and treating physicians, nurses, or other healthcare providers.

**DONE this 31st day of December, 2018.**

**/s/ JOHN R LOCKETT**
**CIRCUIT JUDGE**



AlaFile E-Notice

02-CV-2018-903088.00

To:  GARY RANDALL SPEAR
     grs@sshlawpc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

TONY HALL V. QUALITY SYSTEMS INSTALLATION ET AL
02-CV-2018-903088.00

The following answer was FILED on 1/2/2019 10:48:32 AM

Notice Date:     1/2/2019 10:48:32 AM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov



ELECTRONICALLY FILED
1/11/2019 10:48 AM
02-CV-2018-903088.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| **TONY HALL,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO. CV-2018-903088** |
| | § | |
| **QUALITY SYSTEMS INSTALLATION,** | § | |
| **BRADLEY BOZEMAN, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## ANSWER TO FIRST AMENDED COMPLAINT

COME NOW, Defendants, QUALITY SYSTEMS INSTALLATION and BRADLEY BOZEMAN, by and through undersigned counsel, and in response to Plaintiff's First Amended Complaint, say as follows:

### FIRST CAUSE OF ACTION

1.      Admitted.

2.      Admitted that Bradley Bozeman is a resident of Escambia County, Florida.

3.      Admitted to the extent Bradley Bozeman was an employee of Quality Systems Installation on the date on the incident made the basis of this suit. All other allegations are denied.

4.      Based on current knowledge, admitted.

5.      Denied.

6.      Denied.

### SECOND CAUSE OF ACTION

7.      Defendants adopt and reaver their responses to all preceding allegations and incorporate same by reference as if fully set out herein.

8.      Denied.

### THIRD CAUSE OF ACTION

9.      Defendants adopt and reaver their responses to all preceding allegations and incorporate same by reference as if fully set out herein.

10.     Denied.

11.     Denied.

12.     Denied.

### FOURTH CAUSE OF ACTION

13.     Defendants adopt and reaver their responses to all preceding allegations and incorporate same by reference as if fully set out herein.

14.     Denied.

15.     Denied.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a cause of action against Defendants upon which relief can be granted.

**SECOND DEFENSE**

Plaintiff's claims are barred by the applicable statutes of limitations.

**THIRD DEFENSE**

Plaintiff's claims are barred by the applicable statutes of repose.

**FOURTH DEFENSE**

Plaintiff has failed to mitigate his damages.

**FIFTH DEFENSE**

Plaintiff's claims are barred by the doctrine of assumption of the risk.

## SIXTH DEFENSE

Defendants plead superseding and/or intervening causes.

## SEVENTH DEFENSE

Defendants plead lack of proximate causation and/or causal connection.

## EIGHTH DEFENSE

The acts and damages of which Plaintiff complains, to the extent they exist, were caused by the acts or omissions of others for whom Defendants are not legally responsible and over whom Defendants had no control.

## NINTH DEFENSE

This Defendant has not breached any duty owed to Plaintiff by virtue of any applicable statute, law, or standard.

## TENTH DEFENSE

Plaintiff's claims are barred by the doctrines of laches, estoppel, unclean hands, waiver, and release.

## ELEVENTH DEFENSE

Defendants plead the doctrine of set-off.

## TWELFTH DEFENSE

To the extent that any party has settled or may in the future settle with Plaintiff, Defendants assert their entitlement to an appropriate credit or reduction of any judgment against them.

## THIRTEENTH DEFENSE

Alabama's law of joint and several liability is unconstitutional both on its face and as applied to Defendants in this case.

## FOURTEENTH DEFENSE

3

Alabama's law denies Defendants due process and equal protection because Defendants are denied defenses available to other defendants in other tort cases.

## FIFTEENTH DEFENSE

Plaintiff's Complaint fails to state a claim for which punitive damages can be recovered against Defendants.

## SIXTEENTH DEFENSE

Defendants have not been guilty of any conduct that would entitle Plaintiff to recover punitive damages.

## SEVENTEENTH DEFENSE

Defendants aver that any award of punitive damages to the Plaintiff in this case would be in violation of the constitutional safeguards provided to Defendants under the Constitution of Alabama.

## EIGHTEENTH DEFENSE

Defendants aver that any award of punitive damages to the Plaintiff in this case would be in violation of the constitutional safeguards provided to Defendants under the Constitution of the United States.

## NINETEENTH DEFENSE

The punitive damages sought are in excess of comparable maximums established for criminal fines by the Alabama Legislature in §§ 13A-5-11 and 13A-5-12 of the Alabama Code (1975), jointly and separately.

## TWENTIETH DEFENSE

Each claim for punitive damages, on its face and/or as applied in this case is in violation of the Fourth Amendment of the Constitution of the United States; the Fifth Amendment of the Constitution of the United States; of the right to counsel and a fair trial provided by the Sixth Amendment of the Constitution of the United States; of the right to trial by jury of the Seventh Amendment of the Constitution of the United States; of the proportionality principles contained in the Eighth Amendment of the Constitution of the United States; the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States; and Article 1, Sections 1, 2, 6, 11, 13, 15, and 35 of the Constitution of Alabama of 1901, and is improper under the common law and public policies of the State of Alabama and under applicable court rules and statutes for the following reasons, jointly and separately:

4

1. The standards provided by Alabama law for the imposition of punitive damages are insufficiently specific, and therefore, Defendants have not been put on notice and given the opportunity to anticipate punitive liability and/or the potential size of an award and to modify or conform their conduct accordingly;

2. Present Alabama procedures permit awards of punitive damages that constitute excessive fines;

3. Punitive damages are penal in nature and should not be imposed by civil courts or juries;

4. The procedures to be followed would permit an award of punitive damages against Defendants upon the satisfaction of a burden of persuasion (standard of proof) less than that applicable to the imposition of criminal sanctions for equal culpability;

5. The procedures to be followed would permit an award of punitive damages against Defendants upon the satisfaction of a burden of persuasion (standard of proof) less than what is applicable to tortfeasors in other actions;

6. Defendants are not afforded the same protections and standards given other tortfeasors pursuant to Alabama Code §§ 6-11-20 through 6-11-30;

7. Because punitive damages are a form of criminal or quasi-criminal sanctions, any award of punitive damages is unconstitutional absent the same protections afforded to criminal defendants, including, but not limited to, protection against unreasonable searches and seizures, the right to confront adverse witnesses, a speedy trial and effective assistance of counsel, all separately and severally;

8. The procedures to be followed would permit the award of multiple punitive damages awards for the same act or omission;

9. There are no provisions or standards for clear and consistent appellate review of any award of punitive damages against Defendants under present Alabama law;

10. The standards of conduct upon which punitive damages are sought against Defendants are vague and ambiguous and are not rationally related to any legitimate purpose;

11. The procedures used by Alabama courts and the guidelines given to the jurors, jointly and separately, are vague and ambiguous and are not rationally related to any legitimate purpose;

12. The procedures used by Alabama courts and the guidelines given to jurors, jointly and separately, are vague and ambiguous and thus, impermissibly delegate to jurors basic policy matters;

13. The procedures used by Alabama courts and guidelines given to jurors, jointly and separately, are vague and ambiguous and, thus, impermissibly allow jurors broad, unlimited power and unfettered discretion to make determinations on whether to award punitive damages and, if so, on the amount to be awarded;

14. The procedures under which punitive damages are awarded and instructions used in Alabama courts, jointly and separately, are vague and ambiguous and, thus, fail to eliminate the effects of, and to guard against, impermissible juror passion;

15. The procedures under which punitive damages are awarded and instructions used in Alabama courts, jointly and separately, fail to guard against the award of punitive damages on the basis of discriminatory characteristics such as the wealth of Defendants;

16.     Present Alabama law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded;

17.     Present Alabama law does not provide a meaningful opportunity for challenging the rational basis for, and any excessiveness of, any award of punitive damages;

18.     Present Alabama law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of any punitive damages awarded by a jury;

19.     An award of punitive damages is not subject to judicial review for reasonableness and furtherance of legitimate purpose on the basis of constitutionally adequate standards of sufficient clarity, objectivity and uniformity;

20.     Present Alabama law does not provide the constitutionally required balance between a defendant's interest in rational decision making and the state's interest in ensuring appropriate punishments;

21.     The present Alabama procedures fail to provide a constitutional and reasonable limit on the amount of any punitive award against Defendants;

22.     The present Alabama procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability is determined;

23.     An award of punitive damages would compensate the plaintiff for elements of damage not otherwise recognized by Alabama law and would enrich or compensate the plaintiff, which is an impermissible utilization of allegedly punitive damages;

24.     The present Alabama procedures fail to require any rational, objective or logical relationship between either the award of or the amount of punitive damages awarded and the alleged conduct of the defendant or the compensatory damages awarded to the plaintiff, if any;

25.     The term "malice," as used and defined in Section 6-11-20(a) and Section 6-11- 20(b), Code of Alabama (1975), creates an unconstitutional, irrebuttable, mandatory presumption; and

26.     An award of punitive damages in this case would permit the punishment of Defendants other than by virtue of a law established and promulgated prior to the offense and legally applied.

### TWENTY-FIRST DEFENSE

The award of punitive or extra-contractual damages on the basis of vicarious liability for the conduct of others violates the Fifth, Eighth and Fourteenth Amendments of the Constitution of the United States as well as the Constitution of Alabama provisions set forth above.

### TWENTY-SECOND DEFENSE

The assessment and adjudication against Defendants of any punitive damages other than those measured according to its sole, individual conduct would be improper and impermissible.

### TWENTY-THIRD DEFENSE

6

The imposition of punitive damages in this case is unconstitutional under the Fifth and Fourteenth Amendments of the <u>Constitution of the United States</u> and Article 1, Sections 5 and 6 of the <u>Constitution of Alabama</u> because punitive damages are penal in nature, and Defendants are compelled to disclose documents and/or other evidence without constitutional safeguards against self-incrimination.

## <u>TWENTY-FOURTH DEFENSE</u>

The imposition of punitive damages deprives Defendants of the right to equal protection under the laws provided in the Fifth and Fourteenth Amendments of the <u>Constitution of the United States</u> and in Article 1, Sections 1, 6 and 22, of the <u>Constitution of Alabama</u> of 1901 for the following reasons, jointly and separately:

1.  The Plaintiff seeks punitive damages in excess of the respective maximums established by the Alabama Legislature in §§ 13A-5-11 and 13A-5-12, <u>Code of Alabama</u> (1975), jointly and separately, whereas those charged under the Criminal Code for similar or identical culpability would have the benefit of the cited code provisions;
2.  The procedures to be followed would permit the awarding of punitive damages against Defendants upon the satisfaction of a burden of persuasion (standard of proof) less than the applicable standard in criminal cases for criminal sanctions involving similar or identical levels of culpability;
3.  The procedures to be followed would permit an award of punitive damages against Defendants upon the satisfaction of a burden of persuasion (standard of proof) less than what is applicable to tortfeasors in other actions;
4.  Defendants are not afforded the same protections and standards given other tortfeasors pursuant to <u>Alabama Code</u> §§ 6-11-20 through 6-11-30;
5.  The absence of sufficiently specific and objective standards for the imposition of punitive damages fails to insure the equality of treatment between and among similarly situated defendants and, thus, may result in the imposition of disparate penalties for the same or similar acts; and
6.  Punitive damages are penal in nature and Defendants, without procedural protections, are compelled to disclose documents and/or other evidence without constitutional safeguards against self-incrimination whereas persons charged under criminal provisions for acts or omissions of similar culpability are protected from being compelled to disclose documents and/or other evidence by constitutional procedures and safeguards available in criminal cases.

## <u>TWENTY-FIFTH DEFENSE</u>

Plaintiff's claim for punitive damages is barred to the extent that he seeks the admission into evidence of Defendants' net worth in determining whether punitive damages are to be awarded and/or in what amount they are to be awarded because punitive damages are a form of punishment grounded in Defendants' status rather than specific misconduct and, thus, have the effect of treating

classes of citizens unequally in violation of the equal protection clause of the Fifth and Fourteenth Amendments to the <u>Constitution of the United States</u> and Article I, Sections 1, 6, 13 and 22 of the <u>Constitution of Alabama</u>.

### TWENTY-SIXTH DEFENSE

By virtue of <u>Alabama Code</u> §§ 6-11-20 and 6-11-27 (1975), punitive damages are not recoverable against Defendants.

### TWENTY-SEVENTH DEFENSE

Section 6-11-21(e) of the <u>Alabama Code</u> provides that, except as provided in Section 6-11-27, no defendant shall be liable for any punitive damages unless that defendant has been expressly found by the trier of fact to have engaged in conduct, as defined in Section 6-11-20, warranting punitive damages, and such defendant shall be liable only for punitive damages commensurate with that defendant's own conduct.  <u>See, e.g.</u>, <u>Reserve Nat. Ins. Co. v. Crowell</u>, 614 So.2d 1005 (Ala. 1993). There can be no award of punitive damages against Defendants in this case because: (1) the alleged conduct of Defendants do not fall within Section 6-11-20; (2) to the extent culpability exists, it does not rest with Defendants; and (3) vicarious liability for punitive damages cannot exist under section 6-11-27.

### TWENTY-EIGHTH DEFENSE

Pursuant to <u>Alabama Code</u> Section 6-11-20, an award of punitive damages must be supported by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiffs. There is no such evidence in this case.

8

## TWENTY-NINTH DEFENSE

Section 6-11-27 of the Alabama Code bars the imposition of vicarious liability and any award of punitive damages for said liability in the present matter. Section 6-11-27 provides that a principal, employer, or other master shall not be liable for punitive damages for intentional wrongful conduct or conduct involving malice based upon acts or omissions of an agent, employee, or servant of said principal, employer, or master unless the principal, employer, or master either: knew or should have known of the unfitness of the agent, employee, or servant, and employed him or continued to employ him, or used his services without proper instruction with a disregard of the rights or safety of others; or authorized the wrongful conduct; or ratified the wrongful conduct; or unless the acts of the agent, servant or employee were calculated to or did benefit the principal, employer or other master, except where the plaintiffs knowingly participated with the agent, servant, or employee to commit fraud or wrongful conduct with full knowledge of the import of his act.

## THIRTIETH DEFENSE

The imposition of punitive damages in this case will constitute an excessive fine in violation of the Eighth Amendment of the Constitution of the United States and Article 1, Section 15 of the Constitution of Alabama.

## THIRTY-FIRST DEFENSE

The imposition of punitive damages in this case is unconstitutional under the due process clause of the Fourteenth Amendment of the Constitution of the United States for the following reasons, jointly and separately:

1. The punitive damages sought in this case are vastly disproportionate to the actual damages allegedly sustained by the Plaintiff;
2. The imposition of punitive damages in this case constitutes an arbitrary and capricious taking of Defendants' property with no rationally stated purpose;
3. Allowing a jury to award punitive damages with unfettered discretion is inconsistent with due process; and
4. Such damages are vague and ambiguous and are not rationally related to any legitimate government interest.

## THIRTY-SECOND DEFENSE

The imposition of punitive damages in this case is an unconstitutional deprivation of property without the due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and Article 1, Section 6 of the Constitution of Alabama.

9

**THIRTY-THIRD DEFENSE**

Any award of punitive damages to the Plaintiff in this case would be in violation of Article 1, Section 10, Clause 1 of the Constitution of the United States and Article 1, Section 22 of the Constitution of Alabama prohibiting laws which impair the obligation of contracts.

**THIRTY-FOURTH DEFENSE**

Present Alabama punitive damages procedures allow the jury to punish defendants for conduct occurring outside of the state constituting unlawful state regulation of Interstate Commerce and violation of the Interstate Commerce Clause of the Constitution of the United States.

**THIRTY-FIFTH DEFENSE**

The imposition of punitive damages in this case unconstitutionally violates the right of Defendants to access to the courts as guaranteed by the First and Fourteenth Amendments of the Constitution of the United States.

**THIRTY-SIXTH DEFENSE**

The imposition of punitive damages in this case violates the double jeopardy clause of the Fifth Amendment of the Constitution of the United States as incorporated into the Fourteenth Amendment of the Constitution of the United States.

**THIRTY-SEVENTH DEFENSE**

Plaintiff's claims for punitive damages should not be submitted to the jury because, under the United State Supreme Court's holding in Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001), and the Alabama Supreme Court's holding in Horton Homes, Inc. v. Brooks, 832 So.2d 44 (Ala. 2001), the issue of punitive damages is not a question of fact to be decided by a jury.

**THIRTY-EIGHTH DEFENSE**

The amount of punitive damages is not a question for the jury to determine. The procedures used by Alabama courts and the guidelines given to the jurors, jointly and separately, are vague and ambiguous. Present Alabama law does not provide for sufficiently objective and specific standards to be used by the jury in its deliberations on whether to award punitive damages and, if so, on the amount to be awarded. Present Alabama law does not provide for adequate and independent review by the trial court and the appellate court of the imposition of punitive damages by a jury or of the amount of any punitive damages awarded by a jury.

10

### THIRTY-NINTH DEFENSE

To permit the imposition of punitive damages against Defendants on a joint and several liability basis is unconstitutional in that the damages are punitive in nature, yet there is no provision under the law of Alabama for the assessment of punitive damages separately and severally against joint tortfeasors even though the damages are predicated upon the alleged enormity of the wrong committed by the tortfeasor, and would violate Defendants' rights to due process and equal protection of the laws under the Fifth and Fourteenth Amendments to the Constitution of the United States, and Article I, Sections 1, 6, 13 and 22 of the Constitution of Alabama.

### FORTIETH DEFENSE

The procedures pursuant to which punitive damages are awarded subject civil defendants to punishment for the conduct of others through vicarious liability or through non-apportionment of damages among joint tortfeasors, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, §§ 1 and 6 of the Alabama Constitution.

### FORTY-FIRST DEFENSE

Alabama's application of joint and several liability prohibiting apportionment of punitive damages violates the constitutional prohibition against vague and over broad laws.

### FORTY-SECOND DEFENSE

Allowing Alabama juries to jointly and severally award punitive damages against multiple defendants who have different causes of action against them violates the due process clause of the United States and Alabama Constitutions. CP & B Enterprises, Inc. v. Mellert, 762 So.2d 356 (Ala. 2000).

### FORTY-THIRD DEFENSE

No Alabama statute or law gives a defendant notice that if he commits a certain wrong, he could be liable not only for the actual damages sustained by the plaintiff, but also for punitive damages that may have been intended by a jury to punish only other co-defendants, violating defendant's right to due process under the United States and Alabama Constitutions.

### FORTY-FOURTH DEFENSE

The principles of joint and several liability and non-apportionment of punitive damages violate the proportionality principles contained in the Eighth Amendment to the United States Constitution.

## FORTY-FIFTH DEFENSE

To permit the imposition of punitive damages against Defendants on a joint and several liability basis would violate Defendants' right under the Eighth Amendment to the <u>Constitution of the United States</u> and Article I, Section 15 of the <u>Constitution of Alabama</u> in that the award imposes an excessive fine against joint tortfeasors without any consideration being allowed to be given by the jury to the degree of culpability each defendant had, if any.

## FORTY-SIXTH DEFENSE

The imposition of an award of punitive damages against Defendants on a joint and several liability basis would violate said Defendants' right to due process and equal protection of the laws under the Fifth and Fourteenth Amendments to the <u>Constitution of the United States</u>, and Article I, §§ 1, 6, 13 and 22 of the <u>Constitution of Alabama</u>, in that:

1. It permits the imposition of joint and several judgments against multiple co- defendants for different acts or degrees of wrongdoing or culpability;
2. It allows punitive damages to be assessed and imposed based on the conduct of persons or entities other than Defendants or their agents or employees and/or without apportionment of damages based on the degree of culpability of Defendants, if any;
3. Defendants are denied a fair opportunity to have the jury assess damages based on their alleged culpability which cannot be segregated from allegations against other defendants; and
4. In failing to provide for joint contribution and an apportionment of damages among defendants, Defendants are deprived of property without due process of law.

## FORTY-SEVENTH DEFENSE

Without the protections previously provided in §§ 6-11-23(a) and 6-11-24, <u>Code of Alabama</u> regarding punitive damage awards, now declared unconstitutional by the Alabama Supreme Court, the State of Alabama no longer affords to a defendant sufficient protection under the United States Constitution from excessive and arbitrary punitive damage awards.

## FORTY-EIGHTH DEFENSE

With respect to Plaintiff's demands for punitive damages, Defendants plead all applicable caps and limitations available under Alabama law, including, but not limited to, <u>Alabama Code §</u> 6-11-20 (1975), and Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damages awards which arose in the decisions of <u>Cooper Industries, Inc. v. Leatherman Tool Group, Inc.</u>, 532 U.S. 424 (2001), <u>BMW of North America, Inc. v. Gore</u>, 517 U.S. 599 (1996), and the application thereof in <u>BMW of North America, Inc. v. Gore</u>, 701 So.2d 507 (Ala. 1997), and <u>State Farm Mutual Automobile Ins. Co. v. Campbell</u>, 538 U.S. 408 (2003).

12

## FORTY-NINTH DEFENSE

Any award of punitive damages in this case would be subject to scrutiny under the factors set forth in Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001), BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), and the application thereof in BMW of North America, Inc. v. Gore, 701 So.2d 507 (Ala. 1997), and State Farm Mutual Automobile Ins. Co. v. Campbell, 538 U.S. 408 (2003).

## FIFTIETH DEFENSE

Any jury making an award of punitive damages in this case must consider the factors set forth in Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001), and BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), and the application thereof in BMW of North America, Inc. v. Gore, 701 So.2d 507 (Ala. 1997), and State Farm Mutual Automobile Insurance Co. v. Campbell, 538 U.S. 408 (2003), in assessing constitutional punitive damages.

## FIFTY-FIRST DEFENSE

Any award of punitive damages in this case would be unconstitutional under Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001), and BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), and the application thereof in BMW of North America, Inc. v. Gore, 701 So.2d 507 (Ala. 1997), and State Farm Mutual Automobile Ins. Co. v. Campbell, 538 U.S. 408 (2003), because Defendants received no notice of the severity of the potential penalty that might be imposed as punishment under Alabama law.

## FIFTY-SECOND DEFENSE

Any  punitive damages assessed against Defendants must be mitigated in accordance with the factors set forth in Cooper Industries, Inc. v Leatherman Tool Group, Inc., 532 U.S. 424 (2001), BMW of North America, Inc. v. Gore, 517 U.S. 599 (1996), BMW of North America, Inc. v. Gore, 701 So.2d 507 (Ala. 1997), State Farm Mutual Automobile Ins. Co. v. Campbell, 538 U.S. 408 (2003), Green Oil Co. v. Hornsby, 539 So.2d 218 (Ala. 1989), and Hammond v. City of Gadsden, 493 So.2d 1374 (Ala. 1986), and their progeny.

## FIFTY-THIRD DEFENSE

"[T]he Due Process Clause forbids a State to use a punitive damages award to punish a defendant for injury that it inflicts upon nonparties or those whom they directly represent, i.e., injury that it inflicts upon those who are, essentially, strangers to the litigation." Phillip Morris v. Williams, 127 S.Ct. 1057, 1063 (2007).  Furthermore, any such an award would amount to a taking of property from the defendant without due process.  Id. at 1060.

13

## FIFTY-FOURTH DEFENSE

"[T]he Due Process Clause prohibits a State from punishing an individual without first providing that individual with an opportunity to present every available defense." Phillip Morris v. Williams, 127 S.Ct. 1057, 1063 (2007) (quoting Lindsey v. Normet, 405 U.S. 56, 66 (1972)).

## FIFTY-FIFTH DEFENSE

The Due Process Clause prohibits punishment of a defendant based on an injury to a nonparty because such punishment would add a near standardless dimension to the punitive damages equation. Phillip Morris v. Williams, 127 S.Ct. 1057, 1063 (2007). Such punishment would be based on speculation and, thus, magnifies the fundamental due process concerns of arbitrariness, uncertainty, and lack of notice. Id.

## FIFTY-SIXTH DEFENSE

Federal constitutional law obligates this Court to provide procedural protection against the risk of a jury punishing defendants for potential injuries to persons not before the Court. Phillip Morris v. Williams, 127 S.Ct. 1057, 1065 (2007). Stated differently, the Due Process Clause requires that this Court provide assurance "that [the jury in this case is not] asking the wrong question, i.e., seeking not simply to determine reprehensibility, but also to punish for harm caused to strangers." Id. at 1064.

## FIFTY-SEVENTH DEFENSE

Defendants plead insufficiency of and/or lack of service of process.

## FIFTY-EIGHTH DEFENSE

Defendants plead lack of personal jurisdiction.

## FIFTY-NINTH DEFENSE

Defendants reserve the right to assert additional defenses that may arise as discovery progresses or that they otherwise become aware of during the course of this litigation.


/s/ G. Randall Spear
G. RANDALL SPEAR (SPE016)
Attorney for Defendants, Quality Systems Installation and Bradley Bozeman

14

OF COUNSEL:

SPEAR, SPEAR & HAMBY, P.C.
169 Dauphin Street, Suite 200
Post Office Box 1347
Mobile, Alabama  36633
dah@sshlawpc.com
(251) 344-8181
(251) 344-6629 FAX

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of January, 2019, I electronically filed the foregoing pleading with the Clerk of the Court using the AlaFile system which will send notification of such filing to the following:

Alex W. Zoghby, Esquire - azoghby@zoghbylaw.com
Law Office of Alex W. Zoghby
2601 Dauphin Street
Mobile, Alabama  36606

/s/ *G. Randall Spear*
G. RANDALL SPEAR


ELECTRONICALLY FILED
12/5/2018 3:39 PM
02-CV-2018-903088.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| **TONY HALL**, | * | |
| **Plaintiff**, | * | |
| **v.** | * | ***CIVIL ACTION NO:**_____* |
| **QUALITY SYSTEMS INSTALLATION**; | * | |
| **BRANDON BRADLEY and et al.** | * | |
| **Defendants.** | * | |
| | * | |

### PLAINTIFFS' FIRST SET OF INTERROGATORIES
### AND REQUEST FOR PRODUCTION TO DEFENDANTS

COME NOW the Plaintiffs and propound to the Defendants, jointly and severally, the following Interrogatories and Requests for Production of Documents to be served and responded to within forty-five (45) days after service.

### Definitions

A.      "You" or "your" means the named party to whom this discovery is addressed and every other individual who, by acting as a representative of such party, can be required by such party to furnish that party with information.

B.      "Person" or "persons" means any individual, partnership, corporation, company, association or other entity.

C.      "Document" means any written, electronic, recorded or graphic representation either produced or reproduced and any copy thereof, including, but not limited to, letters, memoranda, telegrams, written agreements, press releases, diaries, tapes, any electronic data processing medium of storage, books, magazines and any other publication, now or formerly in your actual or constructive possession, custody or control.

D.      "Identify," "identification," or "identity" when used in reference to a person, as defined in paragraph B above, means to state (1) his or her full name, present or last known residence and business address, **and** home, business, and mobile telephone number.

E.      "Identify," "identification," or "identity" when used in reference to a document means to state the type of document (e.g., letter, memoranda, email, press release, etc.) or some other means of identifying it; its date, author and addressee, if any; and present location or custodian.  If such document was, but is no longer, in your possession or subject to your control, state what disposition was made of it.

F.      The terms "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of these interrogatories and request for production any information which might otherwise be construed to be outside their scope.

G.      The terms "describe" or "state" when used with reference to a document means to state the following as to each document.

1.      The nature and contents thereof.

2.      The date thereof.

3.      The name, address, and position of the author or signer thereof.

4.      The name, address, and position of the addressee, if any.

5.      The present location thereof and the name, present address and position of the person or persons having present custody thereof.

H.      The terms "describe" or "state" when used with reference to facts means:

1.      Describe fully by reference to underlying facts rather than by ultimate facts or conclusions of fact or law.

2.      Include all details as to identity of persons involved, time, place and manner.

I. The term "driver" shall mean the person operating the truck which made the basis of this suit at the time of the incident, as well as any co-drivers who were in the cab with the actual driver.

## **INTERROGATORIES**

1. Please identify, as defined above, all persons responding to or assisting in the responses to these interrogatories and request for production.

2. Is the Defendant, Quality Systems Installation properly identified in the complaint, and if not, please provide the correct legal name for said deficiency.

3. Please state Defendant Brandon Bradley's full name, date of birth, social security number, commercial driver's license number and issuing state.

4. Please identify, as that term is defined above, each person known to you or your representatives (including your attorneys) who claim to have any knowledge of the following:

a. The facts as to how the incident made the basis of this suit occurred;

b. The driving and safety record of Brandon Bradley;

c. The information contained in the log books of Brandon Bradley;

d. The plaintiffs' injuries or claimed damages.

5. With regard to each person identified in the preceding interrogatory, please set forth what facts or opinions you understand said person(s) possess.

6. Please identify, as that term is defined above, all persons who were in the vehicle driven by Brandon Bradley, at the time of the incident made the basis of this suit.

7. Please identify, as that term is defined above, each individual who investigated the incidents made the basis of this suit on your behalf (including any experts that conducted any inspections of the subject vehicles), and state the facts discovered during said investigation.

3

8.     Please state, as that term is defined above, how the incidents made the basis of this suit occurred.

9.     Does Brandon Bradley claim that there was any mechanical issue with the truck or any part of the truck that caused or contributed to the incident made the basis of this suit?  If so, please identify each said mechanical issue.

10.    Do you agree that Brandon Bradley was negligent in the operation of his motor vehicle as alleged in the complaint?  If not, please set forth every fact upon which you rely in denying this allegation, and identify each person who has knowledge of said facts.

11.    Do you claim that the Plaintiffs or any other person were negligent in any respect relative to the incident made the basis of this suit?  If so, then please state each and every fact upon which you rely in asserting this defense, and identify each person who has knowledge of said facts.

12.    Please identify all expert witnesses whom you expect to call at the trial of this cause, and, with regard to each said expert, provide the Alabama Rules of Civil Procedure 26 information concerning each said expert, which includes the qualifications which you contend qualify him or her as an expert witness, and the substance of the facts and opinions to which you expect such expert to testify at the trial of this action.

13.    Please identify, as that term is defined above, each person from whom you have taken a statement relative to the incident made the basis of this suit, and state the date and by whom the statement was taken.

14.    Please state the hierarchy of command and/or chain of command with regard to your operations, specifically setting forth the safety management structure of your company, and for each position, provide a summary of each management position's responsibility.

15.     Please identify all individuals that have spoken to the Plaintiffs concerning the incident made the basis of this suit, and set forth all statements made by any Plaintiffs.

16.     Please set forth the trip history of the vehicle being driven by Brandon Bradley for that trip during which the accident occurred, including the point of origin, the intended destination and all stops at any intermediate points prior to the occurrence in question, including initial departure time, and arrival times of all intermediate stops prior to the occurrence in question.  With regard to this interrogatory, please set forth in detail the time, dates, and locations of all stops, starts, or rest periods.

17.     Please state the name of all educational institutions attended by Brandon Bradley from high school forward, including any technical or job-training courses, the dates attended, and the certificate, degree, or diploma awarded by each such institution.

18.     If you have ever pleaded guilty to or been convicted of a felony or misdemeanor, state the nature of the offense, the date of the plea or conviction, and the court's location.

19.     Please identify each and every traffic violation, ticket, citation, warning, reprimand and/or disciplinary action received by Brandon Bradley at any time within five (5) years prior to the incident, including the date, reason and outcome of same.

20.     If Brandon Bradley's driver's license has ever been suspended, restricted, or revoked, please state when and where, and the date of reinstatement, if any.

21.     Was Brandon Bradley suffering from any physical disability or impairment at the time of the occurrence mentioned in Plaintiffs' Complaint?  If so, please describe such disability or impairment.

22.     Did Brandon Bradley consume any alcoholic beverages, medication, or drugs within the twenty-four-hour period prior to the accident made the basis of this suit?  If so, state

5

the names and addresses of the places where said alcoholic beverages, medications, and/or drugs were consumed and describe the quantity and type of drinks, medication or drugs which were consumed in said period of time.

23.     Did Brandon Bradley or anyone else traveling with Brandon Bradley have a cellular telephone in the truck at the time of the incident?  If so, then please provide said phone numbers and the carrier's identity.

24.     Please identify any vehicular accidents that occurred during the period of five (5) years prior to the accident made the basis of this suit which involved driver Brandon Bradley.  For purposes of this interrogatory, "identify" means a brief description of the accident, the exact location, the resulting injuries, date of the accident, the names and last known addresses of all persons involved or injured, and whether your driver was cited by any municipal, state or federal investigatory agency or board arising out of said accident.

25.     Did Quality Installation Systems require Brandon Bradley to submit to any type of blood test, breath test, or drug screen/analysis as a result of the incident made the basis of this suit?  If so, state the date of the test(s), the time of the test(s), the results of the test(s), and the identity where the documents generated at or as a result of the test(s) are located, and identify who performed the test(s).

26.     Was Brandon Bradley suspended, disciplined, or fired by you as a result of the accident made the basis of this suit?  If so, state the date such action was taken, the person or persons who decided to take such action, and identify any documents that reflect or relate to such action.

27.     Identify the training manager, safety manager, safety director, safety coordinator, and all members of any safety committee of, as it relates to the operation of vehicles, during the

6

6 months prior to the subject incident.

28.     Identify any training and education program or classes, meetings or gatherings held by or at the direction of Quality Installation Systems which addressed, in whole or in part, the safe operation of a tractor-trailer rig and which were attended by Brandon Bradley from the time of hire until the time of the incident.

29.     Identify all documents that Brandon Bradley or his co-driver prepared or created that relate to the trip made the basis of this suit.

30.     Describe in detail the method of calculating the pay, compensation, wages, salary, bonus, or commission of Brandon Bradley during the calendar year which included the date of the incident.

31.     With regard to the truck involved in the incident, please state the name and address of the owner, the make, year, model, and registration number of each, the gross weight of the truck on the day of the incident, if applicable.

32.     If the subject truck was equipped with a position tracking or communication device, please:

    a.     Identify the entity with whom you contracted for the purchase, rental, and monitoring of said device;

    b.     Identify the person within your company that monitored the data obtained or transmitted by the device.

33.     If the subject Truck was equipped with a mechanical device that measured any of the following information: the vehicle speed, location, engine RPM, braking, hours driven, miles driven or time at rest, then please state a description and manufacturer of the device, when and by whom installed, who had authority and/or ability to adjust and/or download the subject device,

the location of the printouts or readings from the subject device relating to the date of the subject incident and the 30 days preceding the incident made the basis of this suit.

34.     Please state whether Brandon Bradley was an employee of Quality Installation Systems at the time and place of the incident made the basis of this suit, and whether he was operating the truck in the course and scope of said employment.  If your answer is anything other than yes, please state in detail your business relationship with Brandon Bradley, and identify the person, firm, or legal entity who you believe was Brandon Bradley's employer at the time of the incident made the basis of this suit.


## REQUESTS FOR PRODUCTION

Please produce the following:

1.     Accident Reports.  (1) All reports made to, by, or on behalf of any governmental agency, police, or law enforcement official regarding the motor vehicle accident referred to in Plaintiffs' Complaint including any entry on an accident register.  This includes a copy of the accident register and the information contained therein as maintained by defendant pursuant to 49 CFR Section 390.15.  (2) All incident reports, investigation reports, emails, or other documents created by you relative to any investigation conducted by you concerning the incident made the basis of this incident.

2.     Information About the Plaintiffs.  All documents, photographs, videos or other data or information that purport to depict or contain information about any member of the Plaintiffs or Plaintiffs' family.  This would include any documents received from any non-party subpoenas.

3.     Photographs.  All photographs, videotapes, movies, or other visual reproductions of the scene of the motor vehicle accident referred to in Plaintiffs' Complaint, the vehicles involved

in the motor vehicle accident, and/or of Plaintiffs.

4.     <u>Audiotapes</u>.   All audiotapes or recordings of calls made to 911, or to other emergency responders, or to Quality Installation Systems, or his representatives, on the date of the incident, which were related to Brandon Bradley, his truck, any co-driver, or the incident.

5.     <u>Drawings</u>.   All drawings, graphs, charts, and diagrams of the scene of the incident referred to in Plaintiffs' Complaint.

6.     <u>Statements</u>.   All records of calls and/or communications made to and/or from employees or agents of Quality Installation Systems. and the driver and/or occupants of the subject tractor-trailer on the date of the incident and for 30 days prior to the incident.

7.     <u>Investigation</u>.   All photographs, notes, measurements, and data collected after the Subject  related to the incident made the basis of this suit.

8.     <u>Expert Opinion Information</u>.   Produce the following documents:

a.     Any and all notes, recordings, photographs and information gathered by or provided to your experts that relate to any opinions that they may have regarding the incident made the basis of this suit;

b.     All documents or other items said expert has reviewed relative to this case;

c.     All correspondence with Defendants and/or any attorney representing Defendants, including letters, memos, phone messages, and any documentation regarding such communication;

d.     All correspondence with any other expert who has been associated with this case on behalf of Defendants, including letters, memos, phone messages or any other documentation regarding such communication;

e.     All notes and memorandum in any form made in the investigation of this case or in

9

preparation of trial;

f.     All photographs, videos, maps, sketches, diagrams, charts, models or other demonstrative aids made or developed by said expert, you, or anyone in your employ, or on your behalf or at your instruction, or any other person whomsoever, that relate to the incident made the basis of this suit;

g.     All contracts and retainer agreements entered into by said experts with anyone acting on behalf of Defendants;

h.     A copy of said expert's most recent Curriculum Vitae and Resume;

i.     A list of each and every publication, book, treatise, journal, pamphlet, text and/or written document which said expert has published (either solely or jointly);

j.     A detailed list of any and all documents, records or other material which you have reviewed in connection with this case;

k.     The complete file which said expert has established regarding this case;

l.     Any and all reports, draft reports, preliminary reports, notes, memoranda, documents, video-tapes or other writings, containing or that relate to said expert's opinions in this case;

m.     Copies of any citations, standards, or regulations which said expert reviewed during his/her investigation of this matter;

n.     Any document or thing whatsoever relied upon by said expert in the formulation of said expert's opinion(s) expressed in this matter;

o.     All reports, draft reports, preliminary reports, notes, memoranda, or correspondence generated, reviewed or received by said expert during his/her investigation of this matter;

10

p.    All records reflecting time spent on this case, including billing records, charges, payments, and invoices.

q.    A list of all cases in which you have testified, either at trial or by deposition, during the previous five years.

9.    <u>Insurance</u>.  A copy of the insurance policy, Declaration Pages, and Certificate of Coverage for any and all insurance agreements, including any excess and/or umbrella coverage, which may indemnify Quality Installation Systems and/or Brandon Bradley, in whole or in part for any judgment Plaintiffs may obtain in the instant action.

10.    <u>Interrogatories</u>.  All documents identified in response to any of Plaintiffs' First Interrogatories directed to Defendants.

11.    <u>Ownership</u>.  All ownership and registration records for the truck and trailer involved in the incident.

12.    <u>Maintenance</u>.  For the period of time beginning twelve (12) months prior to the incident referred to in Plaintiffs' Complaint through one hundred and eighty (180) days after the incident, produce all repair records, repair estimates, work orders, invoices, agreements and statements of any maintenance and/or service performed, including but not limited to those maintained in accordance with the Federal Motor Carrier Safety Administrations Regulations and driver daily vehicle condition reports on the tractor-trailer unit operated by Brandon Bradley, at the time of the motor vehicle accident referred to in Plaintiffs' Complaint.

13.    <u>Inspections</u>.  All records of any inspection of the tractor driven by Brandon Bradley for six (6) months prior to the date of the incident through six (6) months after said incident.

14.    <u>Data Request</u>.  All documents relating to the position, location, travel, braking and/or speed of any commercial vehicle driven by Brandon Bradley any time within the six (6)

11

months prior to and including the Subject incident during his employment or training with defendant Quality Installation Systems. This request includes, but is not limited to, data created on or maintained by defendant's computers, including but not limited to data from defendant's Operations Center that tracks tractor or trailer positions, data from defendant's utilization of the Qualcomm Satellite System, or a comparable satellite tracking system, tractor trip recorder information, tachograph charts, and computer generated trip printouts, data from an Electronic Control Module and/or a Crash Data Retrieval System (or "black box"), or data from any other electronic system which measures the vehicle's braking, speed and/or the engine's RPM.

15.    <u>Specific Data Request</u>.  All documents relating to the position, location, travel and/or speed of the tractor-trailer driven by Brandon Bradley on the day of the incident referenced in Plaintiffs' Complaint and for the thirty (30) day period before the incident.  This request includes, but is not limited to, data created on or maintained by any third party with whom Quality Installation Systems contracted with to collect said data, including but not but not limited to data received from the GeoLocator installed on the tractor made the basis of this suit.

16.    <u>Diaries or Logs of Brandon Bradley and any person in the truck at the time of the incident made the basis of this suit</u>.  Any diaries or logs kept by Brandon Bradley (and any person in the truck at the time of the incident made the basis of this suit) or created on said individual's behalf regarding the trip during which the incident occurred, and during their employment or training with defendant Quality Installation Systems during the six (6) months preceding the incident, including records of duty status or driver's daily logs and any summaries.

17.    <u>Log Audits</u>.  All records of any audits of Brandon Bradley's (and any person in the truck at the time of the incident made the basis of this suit) logs at any time during his/their employment with Quality Installation Systems.

12

18.    <u>Duty Status</u>.  All documents reflecting or pertaining to Brandon Bradley's (and any person in the truck at the time of the incident made the basis of this suit) record of duty status at any time during his/their employment or training with Quality Installation Systems.

19.    <u>Trip Reports</u>.  All trip reports, including all daily log summaries, for Brandon Bradley (and any person in the truck at the time of the incident made the basis of this suit) at any time during the 30 days preceding the incident, including the date of the incident.

20.    <u>Fuel Receipts</u>.  All fuel receipts and any other records of fuel purchased by Brandon Bradley (and any person in the truck at the time of the incident made the basis of this suit) at any time during the 30 days preceding the incident.

21.    <u>Travel Documents</u>.  All receipts or documents relating to work performed Brandon Bradley (and any person in the truck at the time of the incident made the basis of this suit), including receipts for meals, motels, lodging, weight tickets, permits, maintenance, repair or tolls at any time during the 30 days preceding the incident.

22.    <u>Dispatch</u>.  Please produce all documents and data relating to dispatch and/or operational records, logs, notes and orders which relate in any way to Brandon Bradley (and any person in the truck at the time of the incident made the basis of this suit) and/or the vehicle he was operating at the time of the incident made the basis of this suit, at any time during the 30 days preceding the incident.

23.    <u>Cellular Phone Records</u>.  All documents that evidence cellular phone calls, including records of text messages made and/or received by Brandon Bradley (and any person in the truck at the time of the incident made the basis of this suit) for the period of 30 days preceding the incident and 24 hours following the incident, including but not limited to, phone bills, statements, logs, etc.

13

24.    <u>Call-In Records</u>.  All documents, emails, and Qualcomm messaging regarding or memorializing communications between Quality Installation Systems. and Brandon Bradley (and any person in the truck at the time of the incident made the basis of this suit) at any time during the 30 days preceding the incident.

25.    <u>Personnel File of Brandon Bradley and any person in the truck at the time of the incident made the basis of this suit</u>.  All documents contained in any file, including any personnel file of defendant Quality Installation Systems., that relate to and/or mention Brandon Bradley (and any person in the truck at the time of the incident made the basis of this suit), including, but not limited to the following:

a.    All pre-employment questionnaires or other documents provided to defendant Quality Installation Systems. by said individuals before their hiring;

b.    Said individuals' employment application(s);

c.    All of said individuals' violation statements;

d.    Documents pertaining to road and written tests administered to said individuals;

e.    All certificates regarding testing that were issued by Quality Installation Systems. or any other motor carrier to said individuals;

f.    All documents received from other employers of said individuals regarding said individuals, and all documents memorializing information regarding said individuals obtained from other employers of said individuals;

g.    All documents arising out of inquiries into said individuals' driving record and copies of their medical cards and motor carrier certification of driver qualifications cards;

h.    All records reflecting said individuals' work and/or training attendance and time off

14

from work and/or training;

i.      All documents regarding said individuals' hiring, any suspensions, termination, warnings to or discipline of said individuals, and complaints regarding said individuals;

j.      All documents regarding terminal audits and roadside equipment and/or driver inspection reports, traffic citations, or traffic warnings regarding said individuals;

k.      All photographs of said individuals in the possession of Quality Installation Systems. or his agents;

l.      Copies of each said individual's driver license(s);

m.      Copies of each said individual's Social Security Card;

n.      Copies of each said individual's passport or any other documents evidencing citizenship;

o.      All reviews or evaluations of said individuals, including any safety or performance awards; and,

p.      All documents pertaining to any drug testing of said individuals.

26.    <u>Changes to Personnel File</u>.  All documents removed from Brandon Bradley's (and any person in the truck at the time of the incident made the basis of this suit) personnel file at any time.

27.    <u>Driver Qualification File – Brandon Bradley and any person in the truck at the time of the incident made the basis of this suit</u>.  All documents and tangible things contained in each said individual's "driver qualification file."

28.    <u>Changes to Driver Qualification File</u>.  All documents and tangible things ever removed from Brandon Bradley's (and any person in the truck at the time of the incident made

the basis of this suit) "driver qualification file."

29.    <u>Financial Records</u>.  All documents reflecting financial and monetary transactions (e.g., salary, expense reimbursement, etc.) involving Brandon Bradley (and any person in the truck at the time of the incident made the basis of this suit) and arising out of their performance of job or training duties for defendant Quality Installation Systems., at any time during their employment or training with McArthur Byrd Jr., during the six (6) months preceding the Subject Incident.

30.    <u>Payroll Records</u>.  All pay records for Brandon Bradley (and any person in the truck at the time of the incident made the basis of this suit) as a driver or trainee for Quality Installation Systems. during the six (6) months preceding the Subject Incident.

31.    <u>Written Agreements</u>.  All written agreements or arrangements between Brandon Bradley (and any person in the truck at the time of the incident made the basis of this suit) and Quality Systems Installation concerning the use of the truck unit being operated by Brandon Bradley at the time of the incident referred to in Plaintiffs' Complaint, and all written agreements between Brandon Bradley (and any person in the truck at the time of the incident made the basis of this suit) and Quality Installation Systems., concerning Brandon Bradley's (and any person in the truck at the time of the incident made the basis of this suit) employment or training with Quality Installation Systems.

32.    <u>Driver Training School</u>.  All records relating to Brandon Bradley's (and any person in the truck at the time of the incident made the basis of this suit) attendance in any driver training school conducted by Quality Installation Systems., or by any other entity.

33.    <u>Training Documents</u>.  All driver manuals, driver training materials, driver safety materials, guidelines, policies, procedures, rules or regulations, including but not limited to all

16

documents, sign-in sheets or other records of attendance, photographs, slides, computer programs, motion pictures or videotapes, provided or made available to Brandon Bradley (and any person in the truck at the time of the incident made the basis of this suit) by Quality Installation Systems., from the time of Brandon Bradley's (and any person in the truck at the time of the incident made the basis of this suit) hire until the time of the incident.

34.   <u>Documentation of Evaluation</u>.  All documents, emails, correspondence, etc. which in any way make reference to any observation, evaluation, recommendation, or concern regarding Brandon Bradley's (and any person in the truck at the time of the incident made the basis of this suit) performance during training or his/their ability to operate a vehicle or pass a driving test.

35.   <u>Written Warnings</u>.  All documentation regarding warnings, tickets, or citations issued to Brandon Bradley (and any person in the truck at the time of the incident made the basis of this suit) within five (5) years prior to the incident referred to in Plaintiffs' Complaint.

36.   <u>Reports of Careless Driving</u>.  All documents pertaining to any report of inattentive, careless, unsafe or reckless driving and/or speeding by Brandon Bradley (and any person in the truck at the time of the incident made the basis of this suit).

37.   <u>Notification of Convictions for Driver Violations</u>.  All documents evidencing any notification ever made to Quality Installation Systems., of any convictions for driver violations made by Brandon Bradley (and any person in the truck at the time of the incident made the basis of this suit).

38.   <u>Notification of Driver's License Suspension</u>.  All documents in your possession, custody or control evidencing any notification ever made to Quality Installation Systems., regarding any suspension of Brandon Bradley's (and any person in the truck at the time of the incident made the basis of this suit) license.

39.     <u>Investigation and Inquiries</u>.  All documents and tangible things in your possession, custody or control pertaining to any "investigation and inquiries" made by and/or on behalf of you pursuant to 49 C.F.R. Section 391.23 regarding Brandon Bradley (and any person in the truck at the time of the incident made the basis of this suit).

40.     <u>Record Reviews</u>.   All documents and tangible things in your possession, custody or control pertaining to reviews you performed of Brandon Bradley's (and any person in the truck at the time of the incident made the basis of this suit) driving record.

41.     <u>List of Violations</u>.  All documents and tangible things pertaining to any "lists" or certifications ever provided to you by defendant Brandon Bradley (and any person in the truck at the time of the incident made the basis of this suit) pursuant to 49 C.F.R. Section 391.27.

42.     <u>Drug and Alcohol Testing</u>.  All documents and tangible things related to any alcohol and/or controlled substance testing of Brandon Bradley (and any person in the truck at the time of the incident made the basis of this suit) performed pursuant to 49 C.F.R. Part 382, including, but not limited to the following:

a.      On-duty testing;

b.      Pre-duty testing;

c.      Post-accident testing;

d.      Controlled substance testing;

e.      Pre-employment testing;

f.      Random testing;

g.      Reasonable suspicion testing;

h.      Return-to-duty testing; and

i.      Follow-up testing.

18

43.    <u>Refusal</u>.  All documents and tangible things pertaining to any refusals by defendant Brandon Bradley (and any person in the truck at the time of the incident made the basis of this suit) to submit to an alcohol and/or controlled substances test.

44.    <u>Discipline</u>.  All documents, including but not limited to reports, memos, notes, or logs evidencing complaints about Brandon Bradley (and any person in the truck at the time of the incident made the basis of this suit) arising out of his/their job as a professional driver and/or as a driver trainee, along with any investigation or disciplinary action which was taken or contemplated.

45.    <u>Driving Experience</u>.  All records relating to Brandon Bradley's (and any person in the truck at the time of the incident made the basis of this suit) driving experience including, but not limited to, driver's licenses, chauffeur licenses, documents reflecting license revocation and/or suspension and Brandon Bradley's (and any person in the truck at the time of the incident made the basis of this suit) employment history as a professional driver.

46.    <u>Incidents, Accidents or Injuries</u>.  All documents relating to any incidents, accidents, personal injury or death which Brandon Bradley (and any person in the truck at the time of the incident made the basis of this suit) has caused or been involved with, including all reports made by defendant Brandon Bradley to any trucking company of any such accident, for the period of five (5) years prior to the occurrence in question.

47.    <u>Policy or Procedures Manual</u>.  Any documents setting forth policies or procedures that applied to Brandon Bradley Byrd (and any person in the truck at the time of the incident made the basis of this suit) and/or the operation of the tractor-trailer operated by Brandon Bradley at the time of the incident referred to in Plaintiffs' Complaint, including but not limited to all employment, safety, and/or procedural manuals or driver manuals provided or made available to

19

Brandon Bradley (and any person in the truck at the time of the incident made the basis of this suit) by Quality Installation Systems.

48.   <u>Specific Policies and Procedures</u>.  All documents and tangible things that evidence or discuss your policies and procedures regarding the performance of "investigation and inquiries" pursuant to 49 C.F.R. Section 391.23 regarding Brandon Bradley (and any person in the truck at the time of the incident made the basis of this suit).

Respectfully submitted,

 <u>/s/ Alex W. Zoghby</u>
ALEX W. ZOGHBY (ZOG003)
The Law Office of Alex W. Zoghby
2106 Dauphin Street
Mobile, Alabama 36606
Telephone:     (251) 479-1979
Facsimile:     (251) 470-1771
azoghby@zoghbylaw.com

**TO BE SERVED WITH COMPLAINT**



AlaFile E-Notice

02-CV-2018-903088.00

To:  GARY RANDALL SPEAR
     grs@sshlawpc.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

TONY HALL V. QUALITY SYSTEMS INSTALLATION ET AL
02-CV-2018-903088.00

The following discovery was FILED on 12/27/2018 1:53:19 PM

Notice Date:      12/27/2018 1:53:19 PM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov


ELECTRONICALLY FILED
01/2/2018 1:53 PM
02-CV-2018-903088.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| **TONY HALL,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO. CV-2018-903088** |
| | § | |
| **QUALITY SYSTEMS INSTALLATION,** | § | |
| **BRANDON BRADLEY, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

---

## DEFENDANTS' NOTICE OF FILING DISCOVERY

---

COME NOW, Defendants, QUALITY SYSTEMS INSTALLATION and BRADLEY BOZEMAN, incorrectly identified as BRANDON BRADLEY, by and through undersigned counsel, and file this notice of filing the following discovery:

1. Defendants' First Interrogatories to Plaintiff;
2. Defendants' First Request for Production to Plaintiff; and
3. Defendants' Request for Admission to Plaintiff.


/s/ *G. Randall Spear*
G. RANDALL SPEAR (SPE016)
Attorney for Defendants, Quality Systems Installation and Bradley Bozeman


OF COUNSEL:

SPEAR, SPEAR & HAMBY, P.C.
169 Dauphin Street, Suite 200
Post Office Box 1347
Mobile, Alabama 36633
dah@sshlawpc.com
(251) 344-8181
(251) 344-6629 FAX

<u>CERTIFICATE OF SERVICE</u>

      I do hereby certify that I have on this 27th day of December, 2018, electronically filed the foregoing pleading with the Clerk of the Court using the AlaFile system which will send notification of such filing to the following:
:

              Alex W. Zoghby, Esquire - *azoghby@zoghbylaw.com*
              Law Office of Alex W. Zoghby
              2601 Dauphin Street
              Mobile, Alabama  36606


              /s/ *G. Randall Spear*
              G. RANDALL SPEAR



AlaFile E-Notice

02-CV-2018-903088.00

To:  SPEAR GARY RANDALL
     grs@sshlawpc.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

TONY HALL V. QUALITY SYSTEMS INSTALLATION ET AL
02-CV-2018-903088.00

The following discovery was FILED on 1/2/2019 9:38:11 AM

Notice Date:     1/2/2019 9:38:11 AM

JOJO SCHWARZAUER
CIRCUIT COURT CLERK
MOBILE COUNTY, ALABAMA
CIRCUIT CIVIL DIVISION
205 GOVERNMENT STREET
MOBILE, AL, 36644

251-574-8420
charles.lewis@alacourt.gov

ELECTRONICALLY FILED
1/2/2019 9:37 AM
02-CV-2018-903088.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK



## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| **TONY HALL**, | * | |
| **Plaintiff**, | * | |
| **v.** | * | *CIVIL ACTION NO:* CV- 2018-903088 |
| **QUALITY SYSTEMS INSTALLATION**; **BRADLEY BOZEMAN** *et al.* | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

### NOTICE OF FILING OF DISCOVERY

**COMES NOW,** Plaintiff, by and through the undersigned, and files this his Notice of Filing of Discovery as follows:

1)   Plaintiff's Amended First Set of Interrogatories and Requests for Production of Documents,

Respectfully submitted,

 **/s/ Alex W. Zoghby**
ALEX W. ZOGHBY (ZOG003)
The Law Office of Alex W. Zoghby
2106 Dauphin Street
Mobile, Alabama 36606
Telephone:    (251) 479-1979
Facsimile:     (251) 470-1771
azoghby@zoghbylaw.com

### CERTIFICATE OF SERVICE

I do hereby certify that I have on this the 2nd day of January, 2019, a true and correct copy of the foregoing document was served via the Alafile system as follows:

G. RANDALL SPEAR
SPEAR, SPEAR & HAMBY, P.C.
169 Dauphin Street, Suite 200
Post Office Box 1347
Mobile, Alabama  36633
dah@sshlawpc.com

**/s/ Alex W. Zoghby**
ALEX W. ZOGHBY (ZOG003)

DOCUMENT 26
Case 1:19-cv-00008-B   Document 1-1   Filed 01/11/19   Page 106 of 108

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**

| | | |
|---|---|---|
| **TONY HALL,** | * | |
| **Plaintiff**, | * | |
| **v.** | * | *CIVIL ACTION NO:* **CV- 2018-903088** |
| **QUALITY SYSTEMS INSTALLATION**; **BRADLEY BOZEMAN** *et al*. | * | |
| | * | |
| **Defendants.** | * | |

---

## PLAINTIFF'S RESPONSES TO DEFENDANTS' REQUEST FOR ADMISSIONS TO PLAINTIFF

---

COMES NOW the Plaintiff, by and through the undersigned, and in response to Defendants' Request for Admissions would state as follows:

1.     Admit that you will never seek more than $75,000.00 (exclusive of interest and costs) in damages in this matter.

**RESPONSE:  Denied.**

2.     Admit that you did not seek medical treatment for injuries complained of in the Complaint during the first hour after the accident complained of.

**RESPONSE:  Denied.**

3.     Admit that you seek more than $75,000.00 (exclusive of interest and costs) as a result of the injuries made the basis of this suit.

**RESPONSE:  Admitted.**

Respectfully submitted,

**/s/ Alex W. Zoghby**
ALEX W. ZOGHBY (ZOG003)
The Law Office of Alex W. Zoghby
2106 Dauphin Street
Mobile, Alabama 36606
Telephone:      (251) 479-1979
Facsimile:      (251) 470-1771
azoghby@zoghbylaw.com

_____

## CERTIFICATE OF SERVICE

_____

I do hereby certify that I have on this the 9th day of January, 2019, a true and correct copy of the foregoing document was served via the Alafile system as follows:

G. RANDALL SPEAR
SPEAR, SPEAR & HAMBY, P.C.
169 Dauphin Street, Suite 200
Post Office Box 1347
Mobile, Alabama  36633
dah@sshlawpc.com

**/s/ Alex W. Zoghby**
ALEX W. ZOGHBY (ZOG003)